### Germania Fire Ins. Co. v. C. H. Harraden et al.

1. AGENTS—*Liability for Failure to Obey Instructions.*—An agent is liable to his principal for negligence in failing to reasonably obey instructions whereby the principal suffers loss.

**Action on the Case.**—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 17, 1900.

RUBENS, DUPUY & FISCHER, attorneys for appellant.

No appearance for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is a suit in case, brought by the appellant against the appellees, agents of the appellant, for damages occasioned by their failure to cancel a certain policy of fire insurance, as directed.

At the close of the plaintiff's case the court, on motion of the defendants, directed the jury to return a verdict for the defendants, and upon the verdict so returned a judgment for costs was entered against the plaintiff.

The defendants, appellees, do not follow the appeal to this court. It is not necessary to support by argument, or authority, the general proposition that an agent is liable to his principal for negligence in failing to reasonably obey instructions, whereby the principal suffers loss.

The evidence shows that appellees were agents of the appellant and that as such they issued the policy in question, and that within a week from its date, and on the next day after it was reported, the appellant instructed appellees to cancel and return it, and that they neglected to do so. About a month later the property covered by the policy was destroyed by fire.

Letters written by appellees admit the loss, but attempt to excuse their neglect to cancel the policy. Due proofs of loss were made and presented, and a compromise settlement was made with the assured, upon due notice to appellees, and appellant paid the agreed loss.

It is, probably, not an unfair inference that appellees recognized the difficulty of justifying the action of the trial court in taking the case from the jury upon their motion, and so have refrained from appearing in this court and attempting to do so.

It was, so far as we can discover from the record, error to take the case from the jury under the evidence adduced by the appellant, and the judgment must be reversed and the cause remanded.