### James Dazey, et al. v. Curtis E. Roleau, etc.

1.  AGENT—*obligations of, to his principal.*  In the employment of an agent, the principal bargains for the disinterested skill, diligence and zeal of the agent for his own exclusive benefit.  There rests upon one becoming an agent the duty of fidelity to his employer's business and, likewise, the obligation to obey the instructions given to him by his principal.  If the agent deviates from such instructions and there is consequent injury, the fact that the agent intended a benefit is no defense.

2.  MEASURE OF DAMAGES—*in an action by a principal against an agent for disobedience of instructions.*  Where an agent is directed to foreclose a chattel mortgage and to purchase the property mortgaged at foreclosure sale, unless third parties bid therefor a specified sum, and such agent permits such property to be sold for a less sum, he is liable for the difference between the amount for which the goods sold and their fair cash market value.

Action on the case.  Appeal from the Circuit Court of Shelby County; the Hon. WILLIAM M. FARMER, Judge, presiding.  Heard in this court at the May term, 1903.  Reversed and remanded.  Opinion filed November 9, 1903.

R. M. PEADRO, for appellants.

WALTER C. HEADEN, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

On July 20, 1898, appellee sent to appellants, who were

the proprietors of the Merchants and Farmers Bank at
Findlay, Ill., twenty-three notes which were secured by
chattel mortgage on a printing outfit, which had before
that time been sold by appellee to one Cutler, the said notes
being for the purchase money. The instructions in the let-
ter accompanying the mortgage and note were to foreclose
the mortgage, and bid the property in for the lowest pos-
sible amount, unless some one else bid enough to cover the
debt, $436. Appellants acknowledged the receipt of the
letter. Appellee then wrote appellants that their experi-
ence was, that property was sometimes needlessly sacrificed
on sales of that kind, and advised them that they could not
allow the property sold off unless they received $250 for it,
and then for appellants to have judgment taken against the
mortgagor for the unpaid notes; and if the $250 could not
be realized they preferred having the goods come back to
them as they had every facility for handling such property.
Appellants on the receipt of this last letter, on the same
day, wrote appellee:

" It will be necessary to foreclose your mortgage, and as
that is out of our line of business, we have handed it to Mr.
Barnhardt, a justice of the peace here, with your instruc-
tions. If this does not suit you, write or send message and
1 will get the mortgage and return it to you, as we will not
have any more to do with it."

No other correspondence was had between the parties to
this suit until the property was sold by Mr. Barnhardt, and
he sent the proceeds, less his charges, to appellee, in Septem-
ber, 1899. The property was advertised and at the sale
brought $12. After deducting his expenses of the sale, $6,
the justice forwarded the residue to appellee. This suit
followed, resulting in a verdict and judgment for appellee
for $250. The property was lost to appellee with the ex-
ception of $6 received and retained as the net proceeds of
the sale.

It is a controverted question whether appellee received
appellants' letter which stated that they had turned the
chattel mortgage over to the justice of the peace to be fore-
closed and that they would have nothing further to do with

the transaction, etc. It is, however, unnecessary to pass upon this issue of fact.

In the employment of an agent, the principal bargains for the disinterested skill, diligence and zeal of the agent for his own exclusive benefit. There rests upon one becoming an agent the duty of fidelity to his employer's business in which he engages. It is the primary duty of an agent to obey the instructions given to him by his principal. If he deviates therefrom and there is consequent injury, the fact that the agent intended a benefit to the principal is no defense. The presumption is, that the principal knows his own interests and object better than these are known by the agent; and the agent is bound to carry out the principal's plans.

While a cause of action may exist, the law fixing the measure of damages must not be disregarded. In this case, the court instructed the jury that if they found for the plaintiff, the measure of damages was $250. This was error. The correct measure of damages was the difference between the amount for which the goods sold, and their fair cash market value. 3 Sutherland on Damages, 2d Ed., Secs. 778-9; Rollins v. Duffy, 18 Ill. App. 398; 2 Sedgwick on Damages, Sec. 822. There is no evidence in the record to sustain the finding of damages when tested by this rule. The judgment of the Circuit Court will be reversed and the cause remanded.

The motion to tax costs of additional abstract, which was taken with the case, is denied.

*Reversed and remanded.*