216 So.2d 769 (1968)
H. Albert CRAWFORD and Walter S. Buckingham D/B/a Buckingham-Wheeler Agency and Fidelity-Phenix Insurance Corporation, Appellants,
v.
Charles R. DiMICCO et al., Appellees.
FIDELITY-PHENIX INSURANCE CORPORATION, Appellant,
v.
Charles R. DiMICCO et al., Appellees.
Nos. 1264, 1265.
District Court of Appeal of Florida. Fourth District.
December 31, 1968.
*770 John R. Gould, of Gould, Cooksey & Fennell, Vero Beach, for appellants, H. Albert Crawford and Walter S. Buckingham.
G. Morton Good, of Smathers & Thompson, Miami, for appellant, Fidelity-Phenix Ins. Corp.
Robert Jackson, of Jackson & Clem, Vero Beach, for appellees, DiMicco.
CROSS, Judge.
Appellants-defendants, H. Albert Crawford and Walter S. Buckingham, d/b/a Buckingham-Wheeler Agency, and Fidelity-Phenix Insurance Corporation, appeal from a final judgment entered pursuant to a jury verdict in favor of the appellee-plaintiff, Charles R. DiMicco, in an action of negligence against Buckingham-Wheeler Agency for failure to obtain insurance coverage, and against Fidelity-Phenix Insurance Corporation on a binder of insurance.
The cross-plaintiff, Fidelity-Phenix Insurance Corporation, also appeals a final judgment pursuant to the jury's verdict in favor of the cross-defendant, Buckingham-Wheeler Agency, whereby the cross-plaintiff sought indemnity from the cross-defendant for any loss the cross-plaintiff sustained as a result of the plaintiff's recovery against cross-plaintiff. These cases have been consolidated on appeal.
On September 10, 1963, an employee of Buckingham-Wheeler Agency, met with the plaintiff at the plaintiff's home to discuss the placing of insurance on the plaintiff's boat, a 1950 20-foot Chris Craft Cruiser named "Honey." After the discussion the agency's employee advised the plaintiff that he was then and there binding a $5,000-all risks insurance coverage on the boat and that the plaintiff could consider such insurance coverage bound. It appears that the agency's employee bound such coverage, notwithstanding the fact that he had prior knowledge that the insurer, Fidelity-Phenix Insurance Corporation, would not insure a boat having a value of $5,000 or greater or a boat that was in excess of three years of age without a condition survey.
Some weeks after the meeting between the plaintiff and the agency's employee, the boat was damaged in a storm and finally sank. Plaintiff sought damages for this loss.
Fidelity-Phenix Insurance Corporation denied coverage had ever existed. Buckingham-Wheeler Agency admitted coverage had been bound, but contended the coverage had been cancelled prior to the loss by its employee telephoning the plaintiff and advising him that Fidelity-Phenix Insurance Corporation had declined to insure the risk. Plaintiff denies receiving this telephone call.
Plaintiff sued Buckingham-Wheeler Agency on the theory that Buckingham-Wheeler Agency, a general insurance agency, had been employed to place physical damage insurance on the boat but had negligently failed to do so; and sued Fidelity-Phenix Insurance Corporation on a binder of coverage of insurance on the boat.
Fidelity-Phenix Insurance Corporation answered and filed a cross-claim. The answer generally denied the material allegations of plaintiff's complaint, and further pleaded the affirmative defense that the plaintiff fraudulently concealed material and relevant facts when he applied for the insurance.
The Agency filed its answer, also generally denying the material allegations of *771 the plaintiff's complaint and further pleaded the affirmative defense that although the Agency had placed the insurance coverage on the boat, as requested by the plaintiff, such insurance coverage had been cancelled before the loss occurred, and that the plaintiff fraudulently concealed material and relevant facts when he applied for the insurance.
The cross-claim of Fidelity-Phenix Insurance Corporation against Buckingham-Wheeler Agency was based on the theory of indemnity for loss arising out of a principal-agent relationship, since it was alleged that the agent negligently failed to follow the principal's instructions to cancel the insurance coverage, and that the agent exceeded its authority in binding the insurance coverage in the first instance.
The Agency filed its reply to the cross-claim, generally denying the material allegations and pleading the affirmative defenses that it had implied authority to bind the insurance coverage, and that it followed the principal's instructions to cancel the insurance coverage.
The case thereafter came on for trial before a jury. The jury returned two verdicts; one in favor of the plaintiff against both Buckingham-Wheeler Agency and the insurer, Fidelity-Phenix Insurance Corporation for $5,000, and another verdict in favor of the cross-defendant Buckingham-Wheeler Agency, and against the insurer-cross-plaintiff, Fidelity-Phenix Insurance Corporation.
In due course, after disposal of post-trial motions filed by Buckingham-Wheeler and Fidelity-Phenix, the trial court entered final judgment for the plaintiff, Charles R. DiMicco, against the defendants, Buckingham-Wheeler Agency and Fidelity-Phenix Insurance Corporation. Final judgment was also entered for the cross-defendant, Buckingham-Wheeler Agency, against the cross-plaintiff, Fidelity-Phenix Insurance Corporation.
Both Buckingham-Wheeler Agency and Fidelity-Phenix Insurance Corporation appeal the judgment entered in favor of the plaintiff, Charles R. DiMicco; and Fidelity-Phenix Insurance Corporation also appeals the judgment entered in favor of Buckingham-Wheeler Agency against it.
In the appeal by Buckingham-Wheeler Agency and Fidelity-Phenix Insurance Corporation against the plaintiff, DiMicco, they attack the entry of a judgment entered for DiMicco as erroneous on the basis that the judgment was entered upon an inconsistent verdict.
Where the findings of a jury's verdict in two or more respects are findings with respect to a definite fact material to the judgment such that both cannot be true and therefore stand at the same time, they are in fatal conflict. In such circumstances, contradictory findings mutually destroy each other and result in no valid verdict, and a trial court's judgment based thereupon is erroneous.
In the case sub judice the plaintiff initiated this cause of action against the defendant, Buckingham-Wheeler Agency, on the theory that the agency was liable for negligently failing to place insurance coverage on the boat. The plaintiff proceeded against Fidelity-Phenix Insurance Corporation on the basis that the insurer was liable for insurance coverage placed on the boat by the Buckingham-Wheeler Agency. The jury brought in a verdict in favor of the plaintiff against the agency and the insurer. Inherent in the verdict against the agency is a finding that there was no insurance coverage. Inherent in the verdict against the insurer is a finding that there was insurance coverage. Obviously, the verdict is inconsistent and self-contradictory.
However, we glean from the record that there was no objection made by any of the parties to the various forms of the verdict that the jury might render. In fact, after the jury retired, the defendant, Fidelity-Phenix Insurance Corporation, asked that an additional verdict be given to the jury. All counsel agreed and this additional verdict *772 was given to the jury. Then after the jury had deliberated until sometime in the evening, the jury returned from the jury room and requested instructions as to the form of verdicts. The jury was instructed on the very verdict that they rendered, i.e., the verdict for the plaintiff against both defendants. All this took place without any objection by any party. The verdict was thereafter entered and recorded by the court. The defendants had every opportunity to request the court to require a different verdict or to object to the form of the verdicts given. They did neither. Under these circumstances, they cannot now be heard to complain of the entry of the judgment upon the verdict. Isenberg v. Ortona Park Recreational Center, Inc., Fla.App. 1964, 160 So.2d 132; Higbee v. Dorigo, Fla. 1953, 66 So.2d 684.
Turning now to the action by the cross-plaintiff-insurer against the cross-defendant-agency, we are to determine if an insurance agent binds a contract of insurance which he is not authorized to do, is such agent liable to indemnify the company for its losses arising from the enforcement of the insurance contract so bound.
The facts as alluded to above are simple, and the law is equally so. It has long been well settled that an agent owes to his principal the obligation of high fidelity, and that he may not proceed without or beyond his authority, particularly where he has been forbidden to act and that so proceeding, his actions caused loss to his principal, the agent is fully accountable to the principal therefor. 2d Restatement of Agency, § 401. An elementary factor in the principal-agent relationship is control. As stated in 2d Restatement of Agency, § 14B(f), "An agent acts for and on behalf of his principal and subject to his control. * * * The agent owes a duty of obedience to his principal." Ledbetter v. Farmers Bank & Trust Co., 4 Cir.1944, 142 F.2d 147.
The record in this case reveals that the agency through its employee proceeded without and went beyond its authority as evidenced by the following testimony:
"Q. Now, again, going back to this authority, Mr. Bishop, were you ever advised at any time by the Marine Office of America prior to this loss that surveys would be required on certain class vessels?
A. I believe so.
Q. Is it not true that you were advised that on all vessels having a value of $5,000.00 or over three years of age, that a survey would be required prior to its submission?
A. I was.
Q. Were you so advised of that?
A. Yes.
* * *.
Q. And you received that advice many months prior to September 10, 1963, did you not?
A. Yes.
Q. What was the age of this vessel?
A. It was built in 1952.
Q. So, in 1963, it would have been ten or eleven years old?
A. Right.
Q. What value did you bind this vessel for?
A. $5,000.00.
Q. So, this vessel would have fallen within that express prohibition on two counts, both value and age?
A. Yes.
* * *.
Q. But at the time, September 10, 1963, you were under definite instructions that any boat having a value of $5,000.00 or more or three years old or greater, there had to be a survey, is that correct?

*773 A. This is true. I believe they would have issued port risk coverage or, with a discussion on the phone, would bind the coverage subject to the survey.
Q. But again, that would be up to them, after they were notified of this, this was not your written instructions, is that correct?
A. Yes. My written instructions have been reiterated to me, yes.
Q. Before binding this risk, did you require a survey?
A. No. I required a survey immediately after, though.
Q. Now, Mr. Bishop, turning for a moment to that, as I understand it you discussed this vessel with Mr. DiMicco and he asked for $5,000.00 value and you had never seen the boat when you told him it was bound. Is that generally correct?
A. Yes.
* * *.
Q. As I understand your testimony, you did bind the boat after Mr. DiMicco told you it had been canceled and there had been a survey?
A. I bound it before that.
Q. Yes, but you left it bound?
A. Yes, sir."
The record further indicates that the agent's employee was informed on a prior occasion when dealing with insurance being placed on another vessel, that as a matter of course the insurer specifically instructed the agent's employee that a survey is required on vessels that are valued at $5,000 or over or are more than three years old, if the vessel was to be submitted to the insurer for insurance.
Under the facts of the instant case and the settled law applicable thereto, unless and until the principal with full knowledge of all the applicable facts waived the breach of its instructions, ratified or adopted the agent's act as its own, or facts otherwise raising an estoppel against the principal, the agent became and remained liable to the principal for the damages incurred in acting without authority to the disadvantage of its principal. The facts herein reveal no adoption, ratification or estoppel on the part of the principal-insurer.
The cross-defendant-agency through its employee, acted precipitatively, unreasonably and without authority. The testimony reveals vividly that the agency's employee admittedly and grievously breached his duty to the insurer by his initial unauthorized act in binding the vessel, and therefore the cross-defendant-agent cannot escape the loss or any part thereof and throw such loss upon the principal-insurer.
Accordingly, the judgment entered in favor of the plaintiff, Charles R. DiMicco, against the defendants, Buckingham-Wheeler Agency and Fidelity-Phenix Insurance Corporation is affirmed. The judgment entered on the cross-claim in favor of the cross-defendant, Buckingham-Wheeler Agency, against the cross-plaintiff, Fidelity-Phenix Insurance Corporation, is reversed, and the cause is remanded with directions to enter an appropriate judgment on the cross-claim in favor of the cross-plaintiff, Fidelity-Phenix Insurance Corporation, and against the cross-defendant, Buckingham-Wheeler Agency.
Affirmed as to Case No. 1264.
Reversed as to Case No. 1265.
McCAIN, J., and SMITH, SAMUEL S., Associate Judge, concur.