Argued January 6, affirmed January 20, 1971

## THE NORTH-WEST INSURANCE COMPANY, Appellant, v. SCHWEIGER ET AL, Respondents.

479 P2d 506

*David C. Landis*, Portland, argued the cause for appellant. On the briefs were Gearin, Hollister & Landis.

*James H. Clarke*, Portland, argued the cause for

respondents. With him on the brief were McColloch, Dezendorf, Spears & Lubersky, and Wayne Hilliard.

Before O'CONNELL,* Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

McALLISTER, J.

The plaintiff North-West Insurance Company brought this action to recover certain defense costs allegedly incurred because of the negligence of the defendants. The trial court sustained a demurrer to plaintiff's third amended complaint and when plaintiff failed to plead further entered judgment for defendants. Plaintiff appeals.

This action is a sequel to *Ramstead v. North-West Insurance Company*, 252 Or 423, 450 P2d 538 (1969). It appears from the complaint in this case that one Dunsworth owned two automobiles, a Plymouth and a Buick, both of which were insured by liability policies issued by Farmers Insurance Group, through its agent George B. Schweiger, Jr., who acted through his salesman Robert D. Spence.

On October 3, 1964, Dunsworth requested defendants to cancel the policy covering his Plymouth because it was no longer operable. The policy was cancelled.

On October 22, 1964, Dunsworth asked defendants to obtain liability coverage for his Buick.[①] The

---

* O'Connell, C. J., did not participate in the decision of this case.

[①] Although this fact does not appear from the complaint in this case, Dunsworth needed coverage on the Buick because Farmers had cancelled its policy. See Ramstead v. North-West Insurance Company, supra.

defendant Spence thereupon applied to North-West and obtained from it a policy for Dunsworth. According to the complaint "Spence mistakenly and negligently described the Plymouth vehicle as the vehicle to be insured instead of the Buick as was intended by Dunsworth and Spence."

On October 25, 1964, Dunsworth was involved in an accident while operating his Buick. Plaintiff alleged that it was not aware of the mistake in the description of the insured vehicle until after the accident.

As a result of the accident four damage actions were brought against Dunsworth and judgments totaling $10,000 were entered against him. Plaintiff refused to pay the judgments on the ground that its policy did not cover the Buick.

Thereafter Dunsworth assigned his interest in his policy to Gordon A. Ramstead, who brought suit against North-West to reform the policy so as to describe the Buick as the insured vehicle, to recover on the policy as reformed, and for attorneys' fees. In that case North-West denied that Schweiger and Spence were its agents and denied that it insured Dunsworth while driving the Buick.

In the *Ramstead* case this court held that defendants were agents of North-West and that its policy should be reformed to cover the Buick. Pursuant to the decree in the *Ramstead* case, plaintiff paid the judgments against Dunsworth totaling $10,000 and paid Ramstead $4,247.24 in costs and attorneys' fees. Plaintiff also incurred $2,612.88 in legal expense in defending the *Ramstead* case.

In this case plaintiff seeks to recover only the costs and attorneys' fees paid Ramstead and its own

legal expense incurred in defending the *Ramstead* case. Plaintiff alleges that it incurred all of said expense as the sole and proximate result of the negligence of defendants.

The sole question is one of causation. Plaintiff alleged in its complaint that defendants made a mistake and it also appears that plaintiff knew about the mistake before it denied liability to Dunsworth. The denial of liability, however, was not based on the mistake—it rested solely on plaintiff's contention that defendants were not its agents. Plaintiff's legal expense was incurred in attempting to establish that contention. Whether defendants were plaintiff's agents did not depend in any degree on whether defendants applied for insurance on the wrong vehicle. It follows that defendants' mistake was not a legal cause of plaintiff's expense.

The judgment of the trial court is affirmed.