FRANK FRANGOS, d/b/a F & F RESTAURANT, Plaintiff, *v.* UNITED STATES FIDELITY & GUARANTY COMPANY *et al.,* Defendants—(UNITED STATES FIDELITY & GUARANTY COMPANY, Third-Party Plaintiff-Appellee, *v.* NORTH SUBURBAN INC., Third-Party Defendant-Appellant.)

(No. 58168;

First District (5th Division)—May 3, 1974.

948

McKinley, Price.& Fako, of Chicago (Edwin A. Strugala, of counsel), for third-party defendant-appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago (Frank L. Schneider, James T. Ferrini, and William N. Sneckenberg, of counsel), for third-party plaintiff-appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This appeal is from a judgment entered in favor of United States Fidelity & Guaranty Company, counter-plaintiff (hereinafter plaintiff) and against North Suburban Inc., counter-defendant (hereinafter defendant), the agent of plaintiff. It is contended on appeal that plaintiff failed in its burden of proving that the negligent omissions of defendant caused its liability under a policy of fire insurance.

In 1968 Frank Frangos bought the M & M Restaurant located at 349 North Clark Street in Chicago, renamed it the F & F Restaurant and, approximately 18 months later, moved the business to 415 North Clark.

A fire insurance policy written by plaintiff in the amount of $7500 and held by the former owner was assigned to Frangos when he acquired the business. The policy provided in its "Description and Location of Property Covered" that coverage was afforded:

> "On contents of the three (3) story brick, sprinklered, mercantile
> building, occupied as a restaurant and
> SITUATED:
> 349 North Clark Street
> Chicago, Illinois"

That portion of the policy dealing with the warranty of description and location states:

"IN CONSIDERATION * * * this Company * * * does insure the insured * * * against all DIRECT LOSS BY FIRE * * * to the property described herein while located or contained as described in this policy * * * but not elsewhere."

Attached to the policy was a "sprinkler" endorsement which provided:

"This policy is being written at a rate based on the protection of the premises by the sprinkler system, it is a condition of this policy that, insofar as the sprinkler system and water supply therefor are under the control of the Insured, due diligence shall be used by the Insured to maintain them in complete working order; and that no change shall be made in said system or in the water supply therefor unless immediate notification is given to the Rating Bureau."

On December 29, 1969, the restaurant was destroyed by fire. Frangos sued plaintiff on the insurance policy alleging that, through his broker, he had notified plaintiff of the relocation of the business, and that as a consequence thereof coverage was extended to the new premises. In its answer plaintiff denied having received notice and filed a third-party complaint for indemnity against defendant, its agent, alleging that if defendant received notice of the change of location, it breached its obligation to transmit this information to the insurer and thereby plaintiff was denied the right to decide "whether or not to extend coverage to a new location." On the original claim a jury returned a verdict in the amount of $8379.94 (the amount claimed under the policy plus interest and costs) in favor of Frangos. Thereafter the trial court granted plaintiff's motion for judgment against defendant in the identical amount of $8379.94.

At trial it was adduced that in late September 1969, shortly after Frangos moved the restaurant to the new location, he called his insurance broker, Earl Hallman, who met with him at 415 North Clark.

Hall testified that he immediately saw that the new location, which did not have a sprinkler system, presented a "different type of risk." A restaurant "should have sprinklers * * * for an insurance company to insure them." He immediately called Merton Berman, the president of defendant, advised him of the change of location and the fact that the new building did not have sprinklers and requested an inspection. He was informed by Berman that it would take at least 30 days before the building could be inspected. On October 3, 1969, he sent a written memo to defendant, again drawing its attention to the change of location. He contacted defendant a third time on this matter at "the end of Ocober or beginning of November."

Hallman wanted an inspection to be made on the property as soon as possible "to establish whether the policy could continue in force or it

would be terminated or that the premium would increase because of the circumstances of the risk." With regard to the "sprinkler" endorsement it was his belief that it was "a provision that's put on a policy only where there's a sprinkler system in operation. \* \* \* A building not having a sprinkler would not be eligible for that particular form." Based on his experience, it was Hallman's opinion that the restaurant at the new location might still be insurable under the old policy "if \* \* \* [it] passed an inspection in all other respects."

Other testimony adduced at trial tended to corroborate that given by Hallman on the question of whether he informed defendant of the fact that the F & F Restaurant had been moved to a new location.

Berman testified that restaurant fire insurance was extremely difficult to place. Due to the high loss risk insofar as "making endorsements on policies issued on restaurant[s]" was concerned, it was his agency's practice in 1969 "not to issue endorsements but [rather] to refer to the company."

OPINION

Defendant does not contest the finding made below that it had knowledge of the restaurant's new location and consequently breached its fiduciary duty to plaintiff by failing to inform the insurer of a material change in risk. Rather, defendant argues that plaintiff failed to meet its burden of proving that its damages resulted from the wrongful omissions of its agent. Specifically, defendant contends that this burden included a showing that, if properly notified, plaintiff would not have written the policy.

A review of the record reveals that restaurants, apparently even those with sprinkler systems, have difficulty securing fire insurance. As defendant readily admits, the change of location of the F & F Restaurant involved a substantial change in risk to the insurer since the building at 415 North Clark was not equipped with sprinklers. The insurance policy here in question expressly limited coverage to the "sprinklered" building situated at 349 North Clark, and plaintiff's reliance on the importance of such safety devices was clearly manifested by the sprinkler endorsement hereinabove reproduced.

Defendant breached its duty to plaintiff by failing to notify it of the change of location and thus denied it the opportunity to decide whether it would extend coverage on the substantially altered risk. By its inaction defendant bound plaintiff to an extension of coverage which it had no opportunity to assume or reject. By so subjecting its principal to liability, defendant became liable to it for the resultant loss. Restatement (Second), of Agency, section 401; *cf. Bank of Antigo v. Union Trust Co.,* 149 Ill. 343, 36 N.E. 1029; *Dazey v. Roleau,* 111 Ill.App. 367; *Spalding v.*

*Heideman,* 96 Ill.App. 405; *Germania Fire Insurance Co. v. Harraden,* 90 Ill.App. 250.

■■ We further find that plaintiff having proven the existence of a breach by defendant and its resulting liability, the burden was then shifted to defendant to prove that even absent its negligent omissions the loss still would have occurred. (*Cf. Bank of British North America v. Cooper,* 137 U.S. 473.) Defendant has argued that it had, in fact, met this burden. Specifically, it points to the testimony of Hallman to the effect that even without sprinklers plaintiff might have extended coverage albeit for a higher premium. However, Hallman had previously testified to the importance of sprinkler systems in determining whether a fire insurance policy would be written, and that such coverage would be extended to Frangos if "the restaurant at the new location passed an inspection in all other respects." Of course, plaintiff, as noted above, was precluded from making such an inspection.

For the foregoing reasons the judgment is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.