528 P.2d 193

George M. BENNER and Sherrin Benner, husband and wife, Plaintiff-Respondents and Cross-Appellants,

v.

FARM BUREAU MUTUAL INSURANCE COMPANY OF IDAHO, INC., a corporation, Defendant-Appellant and Cross-Respondent,

and

Warren Bauman, Defendant-Respondent and Cross-Respondent.

No. 11475.

Supreme Court of Idaho.

Nov. 13, 1974.

Merrill & Merrill, Pocatello, for appellant and cross-respondent.

Vern E. Herzog, Jr., Pocatello, for respondent and cross-respondent.

Terrell, Green, Service & Gasser, Pocatello, for respondents and cross-appellants.

BAKES, Justice.

This action arises out of an alleged oral contract of insurance. George M. Benner and Sherrin Benner, husband and wife, plaintiffs, respondents and cross-appellants in this action, had purchased a homeowners insurance policy in June of 1970 from insurance agent Warren Bauman, defendant, respondent and cross-respondent, who sold insurance exclusively for and was the exclusive agent in the area for Farm Bureau Mutual Insurance Company of Idaho, Inc., defendant, appellant and cross-respondent. The policy provided for $15,000 coverage on the Benners' home in Samuels, Idaho, $6,000 coverage on the contents of the home, and $1,000 coverage (with $100 deductible) upon possessions outside the

home. The policy was to be in force for a year; it was renewed upon the same terms a year later in 1971.

During the summer of 1971 the Benners sought to sell their home in Samuels. The buyers they found were initially unable to secure financing and the Benners agreed to rent the house to them on a temporary basis until all the necessary loans were approved. During the period in which the future buyers would be renting their home in Idaho, the Benners wished to continue the insurance upon the house, but they wished to insure their own personal belongings, which they would take with them to California, rather than the renters' possessions in the Samuels house.

To achieve this result, Sherrin Benner testified that in a telephone call with Bauman she asked him if the coverage under the policy could be split between the house in Samuels and the possessions that they were taking to California. She testified that Bauman responded, "Fine, Mrs. Benner, I will take care of everything." Bauman, on the other hand, testified that he remembered Sherrin Benner telling him that she and her family were moving to California and that they wished to retain coverage on the home while they were renting it. He testified that neither insurance of personal property to be taken to California nor splitting the coverage was discussed and that he did not agree to insure personalty outside the state of Idaho.

The Benners moved to California in September of 1971. A month later, on October 27, the house they were renting burned and all of its contents, which the Benners valued at over $10,000, were destroyed. The Benners submitted a $6,000 claim for the loss to Farm Bureau. Farm Bureau refused to pay $6,000, offering the Benners $900 ($1,000 minus the $100 deductible), the coverage the Benners had in their written policy for losses outside the home.

The court found that in the telephone call with Bauman that Sherrin Benner had entered into an oral contract with Farm Bureau to insure their personalty in California for $6,000. The court further found that over $6,000 damage to the possessions had occurred. Accordingly, the court held Farm Bureau liable to the Benners for $6,000 under the contract, and judgment was entered against Farm Bureau for $6,000 plus reasonable attorney fees of $1,000, as provided by I.C. § 41–1839. However, the court found Bauman neither liable to the Benners under the contract of insurance nor liable to reimburse Farm Bureau for its payments under the contract.

■ Farm Bureau assigns several errors relating to the trial court's finding that a binding new or modified contract of insurance was entered into that was to cover personal property to be taken to California. We uphold the trial court's finding with regard to the contract. In another case involving an insurance agent acting outside of the scope of his authority in direct opposition to his company's instructions, this Court approved the following instruction given by the trial court: "An insurance company is bound by all acts, contracts or representations of its agent which are within the scope of his apparent authority, notwithstanding the fact that they may be in violation of private instructions or limitations upon his authority, unless the person with whom the agent is dealing has either actual or constructive knowledge of the agent's limitation of authority." Huppert v. Wolford, 91 Idaho 249, 256 420 P. 2d 11, 18 (1966). The trial court was presented with substantial though conflicting evidence supporting a finding that a representation of insurance coverage upon the personalty in California was made by an agent apparently authorized to offer such coverage to one unaware of the limitations upon the agent's authority. Thus, the trial court's finding that a contract of insurance was entered into was supported by substantial, competent evidence and will not be disturbed on appeal. I.R.C.P. 52(a); Huppert v. Wolford, *supra*.

Farm Bureau also assigns error dealing with the trial court's rulings upon the liability of the agent Bauman. Bauman testified that he was not licensed to sell insurance covering property in California. Bauman's agreement with Farm Bureau denied him authority to alter existing insurance contracts and required him to report all new insurance contracts he issued. Given these restrictions upon the agent's authority, Farm Bureau claims that Bauman is liable to it for any liability incurred to the Benners because Bauman (1) exceeded his authority by contracting to insure property in California; (2) altered the contract without Farm Bureau's permission; and (3) failed to report the new contract.

■ We agree with Farm Bureau that their agent is liable to it for any losses resulting from his entering into contracts obligating Farm Bureau in contravention of an agency agreement with Farm Bureau. Manufacturer's Casualty Insurance Co. v. Martin-Lebreton Insurance Agency, 242 F.2d 951 (5th Cir. 1957); Restatement of Agency, § 401. In Crawford v. DiMicco, 216 So.2d 769 (Fla.App.1968), the District Court of Appeals of Florida, in a case in which an insurance agent had insured a boat without first subjecting the boat to an inspection as required by the agent's agreement with the insurance company, said that "[an agent] may not proceed without or beyond his authority, particularly where he has been forbidden to act and . . . [if by] so proceeding, his actions caused loss to his principal, the agent is fully accountable to the principal therefor." 216 So.2d at 772. "[U]nless and until the principal with full knowledge of all the applicable facts waived the breach of its instructions, ratified or adopted the agent's act as its own, . . . the agent became and remained liable to the principal for the damages incurred in acting without authority to the disadvantage of its principal." 216 So.2d at 773. Because Bauman acted without the scope of his authority and Farm Bureau did not waive or ratify this breach of the agency agreement, Bauman is liable to Farm Bureau for the loss his entering into the contract caused the company.

■ Finally, we disagree with the Benners' contention that the agent Warren Bauman is liable to them for entering into this contract without the scope of his authority. As a general rule one purporting to be an agent is liable to a third party when the purported agent has attempted to bind a principal by an agreement which the agent is not authorized to enter into because the purported agent has breached an implied warranty of authority. Restatement of Agency 2d, § 329. In this case the agent Bauman was found to have contracted in a manner he was not authorized to do by his principal Farm Bureau, but nevertheless Farm Bureau was obligated upon the contract because Bauman was acting within the scope of his apparent authority. Bauman did not breach a warranty of authority to the Benners because the Benners were able to hold Farm Bureau to the contract which he entered into with them. The rule holding an agent liable to a third party for entering into a contract which the agent was not authorized to enter into was not intended to apply to the situation where the principal was nevertheless bound as if the agent were authorized to reach such an agreement with the third party. Sterling v. Jones, 249 So.2d 334 (La.App. 1971).

> "A party entering into a contract in his self-assumed capacity as agent, with no actual authority from the purported principal, or in excess of an existing authority, is personally liable to the other contracting party . . . *The liability terminates only if the purported principal is estopped to deny the authority . . . .*" Killinger v. Iest, 91 Idaho 571, 576, 428 P.2d 490, 495 (1967) (emphasis added).

Farm Bureau had clothed Bauman with sufficient authority that the company could not assert against third parties that Bauman was not authorized to enter into the

contract in question. The Benners' recovery against Farm Bureau was based upon their justifiable reliance on this apparent agency. Because, from the Benners' point of view, Bauman bound his principal as he impliedly warranted he would, the Benners have no more claim against him than they would have against any other agent contracting on a principal's behalf. The Benners are not entitled to judgment against Bauman.

Finally, I.C. § 41–1839 provides that when an insurance company has failed to tender the amount it owes to an insured under a contract of insurance that the court shall award reasonable attorney fees against the insurance company upon the insured's successful prosecution of an action to recover under the contract of insurance. To the $1,000 awarded by the trial court in attorney fees we add $1,500 against the defendant Farm Bureau for the successful defense of this appeal.

Judgment reversed in part and affirmed in part. No costs.

SHEPARD, C. J., and DONALDSON, McQUADE and McFADDEN, JJ., concur.