Argued February 20, affirmed April 23, reconsideration
denied May 22, petition for review denied June 6, 1979

# UNITED PACIFIC INSURANCE COMPANY,
*Appellant,*

*v.*

# PRICE, *Respondent.*
## (No. 24,425, CA 11314)

593 P2d 1214

Appeal from Circuit Court, Union County Warner v. Wasley, Judge Claud A. Ingram, John Day, argued the cause and filed the brief for appellant.

Peter H. Wells, Pendleton, argued the cause for respondent. With him on the brief were Alex M. Byler and Corey, Byler & Rew, Pendleton.

[705]

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

RICHARDSON, J.

## RICHARDSON, J.

United Pacific Insurance Company (United Pacific) brought this negligence action against defendant, its agent, to recover amounts it paid to a third party for injuries caused by its insured. The court granted defendant's motion for summary judgment and United Pacific appeals. The issue is whether the admitted negligence of defendant was the cause of United Pacific's loss.

Defendant is a general insurance broker and is authorized by a brokerage agreement to write insurance policies for United Pacific. In June, 1974, defendant obtained an application for automobile liability coverage from Bruce Colwell. The coverage was to commence on July 24, 1974. Defendant sent the application to United Pacific and the coverage was accepted. On June 18, 1974, defendant wrote to Colwell informing him the policy was accepted and would be effective July 14, 1974. Defendant admitted he was negligent in notifying Colwell of the wrong effective date of the policy. In reliance on the letter from defendant, Colwell cancelled the automobile coverage he had with another company. On July 17, 1974, Colwell's son was involved in an accident with a third party while driving the insured vehicle. United Pacific settled the ensuing claim by the third party and seeks, in this action, indemnity from the defendant for the amount paid plus the costs of defending against the third party's claim.

The parties agree that defendant was negligent in informing Colwell of the incorrect date the policy went into effect. United Pacific agrees that defendant had authority to bind it on the policy and that it would have issued the policy effective July 14, 1974, if asked.

The precise issue of an agent's liability posed by the facts in this case has not been decided in Oregon.[1]

---

[1] In *The North-West Ins. Co. v. Schweiger,* 257 Or 396, 479 P2d 506 (1971), the plaintiff attempted to raise the issue. The Supreme Court held

[707]

Courts in other jurisdictions have allowed recovery from the insurance company's agent in a variety of situations, for example, where the agent did not follow instructions to cancel a policy upon which the insurer later became obligated, *Hanover Insurance Co. v. St. Paul Fire & Marine Ins. Co.,* 359 F Supp 591 (W D La 1973); *Chicago Insurance Company v. Camors,* 296 F Supp 1335 (N D Ga 1969); *National Union Fire Ins. Co. v. Dickinson,* 92 Wash 230, 159 P 125, AC' 18C 1042 (1916); *Nat'l G. Mut. Ins. Co. v. Wyoming Co. Ins.,* 156 W Va 521, 195 SE 2d 151 (1973), where the insurance company was induced to write the policy through misrepresentations of the agent, *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.,* 1 Cal 3d 586, 83 Cal Rptr 418, 463 P2d 770 (1970); *St. Paul F. & M. Ins. Co. v. Laubenstein,* 162 Wis 165, 155 NW 918 (1916), where the agent wrote a policy covering a prohibited risk, *Michigan Mutual Liability Co. v. Shuford & McKinnon, Inc.,* 292 F Supp 290 (S D Miss 1968); *Benner v. Farm Bureau Mutual Ins. Co. of Idaho, Inc.,* 96 Idaho 311, 528 P2d 193 (1974); *Millers Cas. Ins. Co. of Tex. v. Cypress Ins. Agcy. Inc.,* 273 So 2d 602 (La App 1973), or where the agent breached a duty to notify the insurer of coverage where the insurer would have cancelled the policy if it had been notified, *Ins. Co. v. Clark & Cressler,* 126 Iowa 274, 100 NW 524 (1904); *Hawkeye Casualty Co. v. Frisbee,* 316 Mich 540, 25 NW 2d 521 (1947).

Broadly stated, these cases stand for the proposition that the breach of duty by the agent caused the insurance company to be liable for a loss it would have rejected had the agent's actions not prevented it from

---

the loss the plaintiff incurred resulted from litigation to determine if the agent had authority to bind the company. The asserted negligence of the agent was thus not the cause of plaintiff's loss.

In *Frontier Ins. v. Hartford Fire Ins.,* 262 Or 470, 499 P2d 1302 (1972), Hartford sought indemnity from an insurance agent. The Court affirmed denial of indemnity because the agent had authority to issue the binder and Hartford had an opportunity to reject the coverage prior to the loss. The Court held the negligence of the agent was not the cause of the loss.

making the decision. The risks were of a class the insurer was unwilling to accept but was held liable for because of the agent's actions in binding it to do so. The agent's breach of duty was in each instance the cause of the insurance company's loss.

In contrast, courts have been unwilling to hold the agent responsible for the amount the insurer was obligated to pay where the agent, albeit negligently, was acting within its authority, and where the insurer was not drawn into accepting a risk it was unwilling to take. Where the agent had authority to bind the insurer but the premium collected by the agent was lower than what the insurer required for that type of risk, the agent has been held liable only for the difference in the premium amounts. *Lumbermen's Ins. Co. v. Heiner,* 74 Ariz 152, 245 P2d 415 (1952); *Smith v. Continental Ins. Co.,* 63 Tenn App 48, 469 SW 2d 138 (1971).

In *Millers Mut. Fire Ins. Co. v. Russell,* 246 Ark 1295, 443 SW 2d 536 (1969), the agent issued a policy covering a dwelling. Subsequently the dwelling was used for business purposes. This change of use required an increased premium. The agent negligently failed to notify the insurer of the change of use or to tender the increased premium. The insurer sought indemnity for a loss it was required to pay. The court held the agent's negligence was not the cause of the loss because the insurer would have accepted the risk if notified and the additional premium had been paid. The agent was held liable only for the additional premium. *See also Pennsylvania Millers Mutual Ins. Co. v. Walton,* 236 Ark 336, 365 SW 2d 859 (1963).

In *Lumbermens Mutual Insurance Company v. Bowman,* 313 F2d 381 (10th Cir 1963), the court stated:

"* * * Stress is laid upon Thornberry's (insurance agent) failure to write up and deliver a policy to the plaintiffs (insured) and to furnish copies of such policy to appellant (Lumbermens). It cannot be seriously contended that this failure or any other act or

failure to act on his part caused Lumbermens to suffer any additional loss. If he had issued and delivered a policy to plaintiffs upon receipt of the premium and forwarded the copies, Lumbermens' liability would have been the same as it now is, there being nothing in the record to show that Lumbermens would not have accepted and assumed the risk." 313 F2d at 388.

In *Julien v. Spring Lake Park Agency, Inc.,* 283 Minn 101, 166 NW 2d 355, 35 ALR 3d 815 (1969), the agent negligently failed to notify the insurance company of an oral binder he had made to the insured. The court held the agent's negligence was not the cause of the insurer's loss paid to the insured. The rationale of the decision is that the insurance company would have accepted the policy had it been properly notified. The delay in notification did not increase the company's risk. *See also Virginia Surety Co. v. Lee,* 55 Tenn App 501, 402 SW 2d 714 (1964).

The principle that emerges from these cases is that, if the negligence of the agent does not alter the risk the insurance company was willing to take, the agent's negligence is not the cause of the insurer's loss. In each instance the agent had authority to write the policy on behalf of the insurance company and the company would have accepted the risk if the agent had not breached his duty to the principal.

In this case, defendant had authority to write the automobile liability policy and United Pacific would have accepted the risk as of July 14, 1974, if the application had specified that date. The negligence of defendant did not increase United Pacific's risk or bind it to assume a risk it was unwilling to accept. The loss paid on the policy was the natural result of United Pacific's business of insuring against automobile accident liability. The loss was not the result of defendant's negligence in notifying the insured of an incorrect starting date for the insurance coverage.

Affirmed.