COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, *v.* GEORGE F. ADAMS, Defendant-Appellee.

Second District   No. 79-249

Opinion filed June 25, 1980.—Rehearing denied July 24, 1980.

Donald L. Puckett and Peter K. Wilson, Jr., both of Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora, for appellant.

Robert J. Sandner and Jerome J. Jacobson, both of Garbutt & Jacobson, of Chicago, and Frank J. Merrill, of Naperville, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Country Mutual Insurance Company (Country Mutual), appeals from a judgment entered on a jury verdict in favor of its agent, defendant George F. Adams, in Country Mutual's suit alleging breach of contract and the wrongful advising of an insured.

Adams entered into an agent's agreement with Country Mutual in 1967 to solicit and sell insurance. The instant action grew out of a policy sold by Adams to Gerald Schweigert in 1970 to insure his pickup truck and landscaping business. After the policy had been issued by Country Mutual, Schweigert asked Adams if his homemade trailer was covered and Adams responded that it was. Thereafter Schweigert was involved in an accident when his trailer became unattached from his truck and crossed the center line and collided with an oncoming vehicle. The occupants of that vehicle filed suit against Schweigert.

The insurance policy issued to Schweigert did not in fact cover trailers. Country Mutual filed a declaratory judgment action in the circuit court of Kane County to determine if it had any liability as a result of Schweigert's accident. The court reformed the policy to cover the collision in question and to require Schweigert to pay Country Mutual any additional premiums regularly charged for trailer coverage. Country

Mutual thereafter settled the claims growing out of the accident and then filed this action seeking reimbursement from Adams.

In the instant action, Adams testified that he knew he lacked authority to alter or amend contracts of insurance. He further testified that while he had access to the services of an underwriter, he did not check to see if trailers were covered when asked by Schweigert about such coverage. Much of the testimony at trial concerned the insurability of the trailer. Schweigert testified, over plaintiff's objection, that after the accident he was able to insure the trailer with a different company. The agent who had obtained this subsequent trailer coverage testified, again over objection, that he believed he could have also placed the trailer coverage with a number of other companies. Employees of Country Mutual testified concerning trailer coverage; one such witness stated that it was his belief that Country Mutual would not have insured the trailer in question as it was unsafe for road use. Adams testified that it was his belief that Country Mutual would have insured the trailer at the time of the original application.

After the close of all evidence, the jury was instructed as to the elements of plaintiff's case. Over plaintiff's objection, the following instruction was given as to "defendant's burden":

"That the plaintiff would have issued its commercial automobile policy to cover the two-wheeled trailer in question had an application for such been submitted to plaintiff at the time it received and approved the application for a commercial automobile insurance policy on the 1970 Chevrolet truck owned by Gerald Schweigert.

If you find from your consideration of all the evidence that this proposition has been proved, then your verdict should be for the defendant, but, if, on the other hand, you find from you consideration of all the evidence that this proposition has not been proved then your verdict should be for the plaintiff."

The jury returned a verdict in favor of defendant Adams. Country Mutual's post-trial motion was denied and this appeal followed.

The parties have discussed four issues on appeal: (1) whether Adams breached his contract or violated any duty owed Country Mutual, (2) whether in an action for damages by an insurer against an agent the question of the agent's liability or the amount of damages is controlled by the question of whether the insurer would have issued the coverages at issue had it been given the opportunity to do so, (3) whether irrelevant evidence with respect to whether Country Mutual would have accepted coverage of Schweigert's trailer was admitted at trial, and (4) whether the jury's verdict was against the manifest weight of the evidence.

## I.

The major issue presented by this appeal is whether Adams' liability or the amount of damages is controlled by the question of whether Country Mutual would have issued the trailer coverage if it had been given the opportunity to do so. Country Mutual argues that the jury was improperly instructed in that this question is irrelevant. It is Country Mutual's position that Adams is unquestionably liable to it for its cost of settling the claim against Schweigert. An excellent discussion of this issue can be found in the recent case of *United Pacific Insurance Co. v. Price* (1979), 39 Or. App. 705, 593 P.2d 1214. In that case an insurance agent erroneously notified the insured of an incorrect starting date for coverage and an accident prior to the actual starting date exposed the insurer to liability. The court began its discussion by noting that the issue of an agent's liability based on facts such as this had not yet been decided in Oregon and then went on to review the key decisions from around the country before finding no agent liability. First discussed were cases like *Michigan Mutual Liability Co. v. Shuford & McKinnon, Inc.* (S.D. Miss. 1968), 292 F. Supp. 290, and *Benner v. Farm Bureau Mutual Insurance Co.* (1974), 96 Idaho 311, 528 P.2d 193, relied upon here by Country Mutual. The *United Pacific* court reasoned that "[b]roadly stated, these cases stand for the proposition that the breach of duty by the agent caused the insurance company to be liable for a loss it would have rejected had the agent's actions not prevented it from making the decision. The risks were of a class the insurer was unwilling to accept but was held liable for because of the agent's actions in binding it to do so. The agent's breach of duty was in each instance the cause of the insurance company's loss." 39 Or. App. 705, ___, 593 P.2d 1214, 1215.

■■ The United Pacific decision then recognized a second line of cases:

> "*In contrast, courts have been unwilling to hold the agent responsible for the amount the insurer was obligated to pay where the agent, albeit negligently, was acting within its authority, and where the insurer was not drawn into accepting a risk it was unwilling to take.* Where the agent had authority to bind the insurer but the premium collected by the agent was lower than what the insurer required for that type of risk, the agent has been held liable only for the difference in the premium amounts. [Citations.]"

(Emphasis added.) (39 Or. App. 705, ___, 593 P.2d 1214, 1215-16.) Representative of this second line of cases is *Millers Mutual Fire Insurance Co. v. Russell* (1969), 246 Ark. 1295, 443 S.W.2d 536, wherein the agent issued a policy covering a dwelling. Subsequently, this dwelling was used for business purposes—a change that should have been accompanied by increased premiums. The agent negligently failed to notify the insurer of the change of use or to tender the extra premium.

When a loss occurred, the insurer sought indemnification from the agent. The court held that the loss was not caused by the agent's negligence because the insurer would have accepted the risk if notified and the additional premium had been paid. (See also *Pennsylvania Millers Mutual Insurance Co. v. Walton* (1963), 236 Ark. 336, 365 S.W.2d 859; *Max Holtzman, Inc. v. K & T Co.* (D.C. App. 1977), 375 A.2d 510, 515; 16 Appleman, Insurance Law & Practice §8781 (1968).) Our review of the case law leads us to agree with the court in *United Pacific* that "[t]he principle that emerges from these cases is that, if the negligence of the agent does not alter the risk the insurance company was willing to take, the agent's negligence is not the cause of the insurer's loss. In each instance the agent had authority to write the policy on behalf of the insurance company and the company would have accepted the risk if the agent had not breached his duty to the principal." 39 Or. App. 705, ___, 593 P.2d 1214, 1216.

The only Illinois cases cited by the parties deciding similar questions of the liability of an insurance agent to an insurer do not call for a different conclusion. In *Frangos v. United States Fidelity & Guaranty Co.* (1974), 19 Ill. App. 3d 947, 312 N.E.2d 688, an insurance agent failed to notify the insurer of a change in location of an insured restaurant. The new location, unlike the old one, did not have a sprinkler system. After a fire at the restaurant, the insured recovered from the company and the company sought recovery from its agent. The trial court held for the company and the agent appealed. The following language of the appellate court is relied upon by Country Mutual:

> "Defendant breached its duty to plaintiff by failing to notify it of the change of location and thus denied it the opportunity to decide whether it would extend coverage on the substantially altered risk. By its inaction defendant bound plaintiff to an extension of coverage which it had no opportunity to assume or reject. By so subjecting its principal to liability, defendant became liable to it for the resultant loss. [Citations.]" (19 Ill. App. 3d 947, 950-51, 312 N.E.2d 688, 690.)

However, in the next paragraph the *Frangos* court recognized the relevancy of the possibility that the insured might have accepted the risk:

> "We further find that plaintiff having proven the existence of a breach by defendant and its resulting liability, the burden was then shifted to defendant to prove that even absent its negligent omissions the loss still would have occurred. [Citation.]" (19 Ill. App. 3d 941, 951, 312 N.E.2d 688, 690.)

The court then concluded that the trial court's finding that the risk would not have been accepted was supported by the evidence. In sum, *Frangos* can be said to stand for the proposition that this question of whether a risk

would have been accepted is a question of fact for the trier of fact. *Insurance Company of North America v. J. L. Hubbard Co.* (1974), 23 Ill. App. 3d 254, 318 N.E.2d 289, is clearly distinguishable from the instant case. The defendant agent in that case was found liable when he insured a risk that the plaintiff company had *specifically refused to accept.* The court reasoned that this prior refusal distinguished the case from those cases discussed above where the issue of whether or not the insurer would accept the risk remained a question of fact.

We believe that under the facts in the instant case the question of whether or not the insurer would have accepted the risk of the trailer was a disputed question of fact for the jury. In line with the language from *Frangos* quoted above, the jury was instructed that if Adams was able to prove that Country Mutual would have issued a policy on the trailer, the jury should find for Adams. In light of the above discussed authority we hold that the giving of this instruction did not constitute error.

## II.

Country Mutual also questions the quality of evidence admitted on the issue of whether it would have accepted the risk in question. More specifically it argues evidence of what other insurance companies did do or would have done with respect to insuring the trailer was irrelevant to the issue of whether Country Mutual would have accepted this risk. As a general rule conduct or transactions between third parties or strangers to an action are irrelevant to the issue of the conduct of a party to the action. However, this rule is not meant to be rigidly applied. (Jones on Evidence §4:9 (1972).) For example, it is well established that evidence of comparable sales of land may be admitted as evidence of the value of land which is the subject of a proceeding. (*Department of Public Works & Buildings v. Klehm* (1973), 56 Ill. 2d 121, 306 N.E.2d 1.) The determination as to the admissibility of evidence rests primarily in the discretion of the trial court and its decision will be reversed only where that discretion clearly has been abused. (*People ex. rel. Scott v. Police Hall of Fame, Inc.* (1978), 60 Ill. App. 3d 331, 376 N.E.2d 665.) In the instant case the testimony of what other companies did with respect to insuring the trailer in question was indicative of what Country Mutual would have done, and we see no abuse of discretion in the admission of this evidence.

## III.

Country Mutual's final contention is that the jury's verdict was against the manifest weight of the evidence. We disagree. After reviewing the testimony as summarized above, we conclude that there was ample evidence from which the jury could conclude that Country Mutual would have accepted the risk of the trailer. Thus we affirm the judgment of the

Circuit Court of Kane County. In light of this disposition we see no need to discuss Adams' contention that he did not breach his agency contract or any other duty owed to Country Mutual.

Affirmed.

WOODWARD and VAN DEUSEN, JJ., concur.