DOWNEY, Judge.
Appellant, United States Fire Insurance Company, seeks reversal of a judgment against it, which was based upon a jury verdict for appellee Tom Johnston on his complaint and against appellant on its claim for indemnity against appellee Aviation Insurance Agency, Inc., by Galbraith & Dickens.
A recitation of the facts is necessary to determination of the points on appeal. The evidence reflects that appellee Tom Johnston was the major stockholder in a business known as Coastal Communications, Inc. As the business grew Johnston found the single engine airplane he used in the business to be inadequate, so he began considering the purchase of a larger plane. Johnston called Galbraith & Dickens, Inc., an insurance agency that had written the coverage with appellant, U.S. Fire, on the single engine plane, and inquired about the premium on a policy covering a twin engine Cessna 310. A few weeks later he inquired again about the premium on a twin engine Cessna 320. Neither of these planes was purchased, but eventually in early November, 1980, shortly before the policy on his present plane expired, Johnston discussed the possibility of purchasing a Cessna 401 in Indiana. Galbraith & Dickens advised that they needed to know the type of airplane, the sales price, the name of the pilot and his credentials before any coverage could be bound. He was also advised that, since the existing policy was about to expire, the *1020 agency could bill Johnston for the difference in premium on the anniversary of the policy; the only difference in the policy affecting the premium would be the value of the airplane. Johnston was never advised by the agent of any limitations upon its authority to bind coverage on aircraft.
When Johnston talked to the agent, he was advised that, if he phoned in the necessary information about the Indiana plane over the weekend, the agent would call the underwriter and attempt to get coverage. Shortly thereafter Johnston sent the company vice president and a pilot to Indiana to look at the Cessna 401 with instructions that, if the deal was closed, he call Dennis Laffick, an employee of Galbraith & Dickens, and give him the information needed to obtain coverage on said plane. The deal was closed and the vice president called the number given him but reached an answer phone service to which he furnished information about the plane. The plane was then flown to its destination at Fort Pierce, where it crashed while attempting a landing. When the agency was notified the next day, it advised Johnston there was no coverage; the information was not sufficient for the agency to obtain authority from U.S. Fire to bind the coverage.
The evidence showed that the Galbraith & Dickens, Inc., insurance agency represented approximately fifteen different insurance companies. Under the agency agreement between U.S. Fire and Galbraith & Dickens the latter could not bind coverage without specific approval of the former.
In due course, Johnston sued U.S. Fire alleging an oral contract for insurance and U.S. Fire, in turn, filed a third party claim against Galbraith & Dickens for indemnity. The case was tried to a jury and, at the close of the plaintiffs case, U.S. Fire made a motion for directed verdict, which was denied. At the conclusion of the case another motion for directed verdict against the plaintiff was made as well as a motion for directed verdict on U.S. Fire’s indemnity claim against Galbraith & Dickens. Both of said motions were denied as were U.S. Fire’s post trial motions for new trial and judgment in accordance with the motions for directed verdict.
U.S. Fire suggests three areas in which the trial court committed reversible error:
I.In denying U.S. Fire’s motion for directed verdict and submitting the issue of apparent authority to the jury.
II.In denying U.S. Fire’s requested instruction on vicarious liability of a principal for acts of its agent.
III.In denying U.S. Fire’s motion for directed verdict on the third party indemnity claim against Galbraith & Dickens.
Under Point I, U.S. Fire contends that the jury verdict here can only be sustained upon an agency theory of actual or apparent authority. However, the evidence seems clear that the actual authority of the agent cannot be relied upon because the contract between U.S. Fire and Galbraith prohibited the agent’s binding coverage without express approval of U.S. Fire.
Relying upon Taco Bell of California v. Zoppone, 324 So.2d 121 (Fla. 2d DCA 1975), U.S. Fire contends that, in order for liability to attach to an insurer on the theory of apparent authority, the plaintiff must prove 1) a representation by the principal to a third party, 2) reliance by a third party on that representation that the agent possesses authority, and 3) loss by the third party resulting from its dealings in reliance on the agent’s supposed authority. With those legal principles we do not differ. We also agree that the evidence was insufficient to show any representation by U.S. Fire upon which Johnston could rely to support an apparent agency. However, the sufficiency of the evidence on this question was not preserved below.
From the record it appears the denial of U.S. Fire’s motion for directed verdict and its post trial motion was proper because the issue argued on appeal was not therein presented to the trial court. None of the listed motions contained as a ground the sufficiency of the evidence on the question of apparent authority. Therefore, denial of *1021 the motions for directed verdict on that basis can not be relied upon for reversal.
Appellant’s second point involving denial of one of the requested instructions does not appear to require reversal for two reasons. First, we believe the instructions as given were adequate to present the agency issue. Secondly, at the conference held to determine the jury instructions trial counsel for U.S. Fire agreed that the requested instruction was already covered by one of plaintiff’s instructions that the judge had indicated he was going to give. Thus, any question involved appears to have been waived.
The verdict and judgment denying indemnity, however, appear to us to be contrary to law under the facts of this case. It should be remembered that, under its agency relationship with U.S. Fire, Galbraith & Dickens had no actual authority to bind coverage in this situation without approval of U.S. Fire. Laffick, an employee of the agency, testified that he was never given permission by U.S. Fire to bind coverage. However, since the evidence is insufficient to support a theory of apparent authority, by its verdict in finding for Johnston and against U.S. Fire the jury must have found that Galbraith & Dickens bound U.S. Fire to an oral contract of insurance. Under those circumstances, it appears to us that justice and fairness require that the offending party bear the brunt of the loss. As this court said in Crawford v. DiMicco, 216 So.2d 769, 772, (Fla. 4th DCA 1968):
The facts as alluded to above are simple, and the law is equally so. It has long been well settled that an agent owes to his principal the obligation of high fidelity, and that he may not proceed without or beyond his authority, particularly where he has been forbidden to act and that so proceeding, his actions caused loss to his principal, the agent is fully accountable to the principal therefor.
See also Annot: Liability of Insurance Agent, for Exposure of Insurer to Liability, Because of Issuance of Policy Beyond Authority or Contrary to Instructions, 35 A.L. R.3d 907, § 3 (1971).
In view of the foregoing, we affirm the judgment in favor of appellee Johnston and against United States Fire Insurance Company and reverse the judgment against United States Fire Insurance Company and in favor of Aviation Insurance Agency, Inc., by Galbraith & Dickens, Inc. We remand the cause with directions to enter judgment for United States Fire Insurance Company against Aviation Insurance Agency, Inc., by Galbraith & Dickens, Inc., on the indemnity claim.
AFFIRMED IN PART; REVERSED IN PART; and remanded with directions.
LETTS, C.J., and WALDEN, J., concur.