BASKIN, Judge.
Poe & Associates, Inc., [Poe] appeals a final summary judgment declaring it liable to Leopoldo and Merida Hernandez [collectively “Hernandez”] for its unauthorized cancellation of insurance coverage for Ronald W. Vogler [Vogler] and Ronald W. Vo-gler, P.A. [P.A.]. We affirm.
Hernandez sued Vogler’s professional association and his estate for damages arising from Vogler’s alleged legal malpractice. Pacific Employers Insurance Company [Pacific], Vogler’s malpractice insurance carrier, was joined as a party because it had cancelled Vogler’s coverage without first ascertaining whether any claims were pending against Vogler. Pacific moved for summary judgment, attaching in support of the motion a copy of a letter it had received from Poe, the P.A.’s insurance agent, requesting cancellation of the policy. The trial court granted summary judgment. As a consequence, Hernandez moved to add Poe as a defendant on the ground that Poe, as insurance agent for Vogler and the P.A., had cancelled the coverage without the personal representative’s permission, when it knew, or should have known, of Hernandez’s claim. Poe claimed that it acted on the instructions of a bookkeeper or secretary. The malpractice claim proceeded to trial and culminated in the entry of' final judgment against the P.A. and Vogler’s estate. The court resolved Hernandez’s claim against Poe, severed . at Poe’s request, by the entry of a final summary judgment in favor of Hernandez. Poe appeals.
“It has long been well settled that an agent owes his principal the obligation of high fidelity, and that he may not proceed without or beyond his authority.” Crawford v. DiMicco, 216 So.2d 769, 772 (Fla. 4th DCA 1968); United States Fire Ins. Co. v. Johnston, 431 So.2d 1018, 1021 (Fla. 4th DCA 1983). Poe was Vogler’s insurance agent, and Vogler and the P.A. were the named insureds. In view of the policy provision extending coverage until the discharge of the insured’s executor or administrator, Poe, upon learning of Vo-gler’s death, should have waited for instructions from the estate; it should not have acted on the instructions of Vogler’s clerical staff, as neither the bookkeeper nor the secretary had authority to issue instructions to Poe. Thus, the trial court correctly ruled that Poe should not have cancelled the insurance policy. Under the circumstances of this case, where the material facts were undisputed, summary judgment was appropriate. Moore v. Morris, 475 So.2d 666 (Fla.1985); Holt v. Talcott, 191 So.2d 40 (Fla.1966); Paul v. Brumby, 548 So.2d 286 (Fla. 3d DCA 1989); Braidi Trading Co. v. Anthony R. Abraham Enterprises, Inc., 469 So.2d 955 (Fla. 3d DCA 1985); Mejiah v. Rodriguez, 342 So.2d 1066 (Fla. 3d DCA 1977).
Poe’s remaining points on appeal were not raised in the trial court and may not be considered here for the first time in an *1237 appeal. Dober v. Worrell, 401 So.2d 1322 (Fla.1981); Ashley v. Ocean Roc Motel, Inc., 518 So.2d 943 (Fla. 3d DCA 1987), review denied, 528 So.2d 1181 (Fla.1988); Abrams v. Paul, 453 So.2d 826 (Fla. 1st DCA 1983).
Affirmed.