VIRGINIA SURETY COMPANY, INC., Plaintiff-in-Error, v. WALTER LEE, d/b/a WALTER LEE INSURANCE AGENCY, Defendant-in-Error.—402 S.W. (2d) 714.

Western Section. July 16, 1964.

Certiorari Denied by Supreme Court October 5, 1964.

502

Irving M. Strauch, Strauch & Jones, Memphis, for plaintiff in error.

Crawford McDonald, W. Percy McDonald, McDonald, Kuhn, McDonald, Crenshaw & Smith, Memphis, for defendant in error.

CARNEY, J. When this case was argued Judge J. B. Avery, Sr. was ill and Honorable Hearn Spragins, Esq., of the Madison County Bar sat as Special Judge in his place.

The plaintiff, Virginia Surety Company, Inc., is a long-haul liability insurance company incorporated in the State of Virginia and qualified to do business in the State of Tennessee. Plaintiff sued the defendant, Walter Lee, d/b/a Walter Lee Insurance Agency, one of its general agents in Memphis, Tennessee, for damages arising out of an oral binder of insurance made by the defendant, Walter Lee, to one Roy Bolick of Keiser, Arkansas.

On May 31, 1961, the oral binder was given over the telephone by Walter Lee to Oren Ward of Hull Dobbs Insurance Agency in Memphis, Tennessee, covering Roy Bolick for public liability against bodily injury of $50,000 and $100,000 and property damage of $25,000. On June 7, 1961, a tractor-trailer driven by Roy Bolick collided with a train in southeast Missouri. Roy Bolick was killed in the accident. Plaintiff Virginia Surety Company, Inc. accepted coverage under the oral binder and had paid over.$26,000 in expenses and settlement of claims arising out of the accident at the time of trial of this case below. Other claims were still pending.

Plaintiff sought to recover $75,000 from the defendant. The declaration was in two counts: Count No. 1 averred

a breach of contract: (1) That the defendant wrote a contract in Arkansas in violation of his agency contract; and (2) that the defendant failed to comply with the terms of his agency contract by failing to report the oral binder of insurance to the plaintiff's home office until after the accident had occurred.

Count No. 2 averred that the defendant, Walter Lee, was guilty of negligence in failing to ascertain the residence of the insured, Roy Bolick, before issuing the binder of insurance; that he negligently failed to obtain a written application for insurance from Roy Bolick; that he negligently failed to make a report of the issuance of the oral binder; and that he negligently failed to ascertain that another agent of Virginia Surety Company, Inc. had let prior insurance of Roy Bolick expire and had deliberately failed to renew the same.

The case was tried before the Circuit Judge without a jury. The Trial Judge found all issues in favor of the defendant and rendered judgment against the plaintiff. The plaintiff has appealed to this court and assigned error.

Of course, the case comes to this court for trial de novo accompanied by a presumption of correctness. T.C.A. Section 27-303. Unless the evidence preponderates against the findings of the Trial Judge the judgment of the court below must be affirmed. Life & Casualty Insurance Co. of Tennessee v. Vertrees, 44 Tenn.App. 672, 318 S.W.(2d) 559 (1958); Roberts v. Ray (1959), 45 Tenn. App. 280, 322 S.W.(2d) 435.

Mr. Roy Bolick of Keiser, Arkansas, was a trucker hauling frozen produce over the country. He had had a policy of liability insurance with Virginia Surety Com-

pany issued by Surplus Excess Underwriters, Inc. of Conway, Arkansas. This policy was issued on May 13, 1960, and expired on May 13, 1961. A Mr. Novak was the president or manager of Surplus Excess Underwriters, Inc. and is no longer in business. At the time of the trial Central Underwriter, Inc. of Conway, Arkansas, had taken over the business of Surplus Excess Underwriters, Inc. and its president, Lawrence MacNicholas, testified as a witness for the plaintiff.

Mr. Bolick had had a number of other policies with other companies most of which had been cancelled or discontinued at the time he applied for the insurance coverage in this litigation. On May 31, 1961, he applied to Mr. Ward of Hull Dobbs Insurance Agency in Memphis for liability coverage on his equipment which consisted of two tractor-trailer outfits. Mr. Ward was unable to write Mr. Bolick the coverage he desired and he called Mr. Lee as agent for Virginia Surety Company, Inc. to broker the business through him.

Mr. Ward explained to Mr. Lee that Bolick had had prior coverage with the plaintiff and that his policy had expired May 13, 1961. Mr. Lee asked if there had been any cancellation by Virginia Surety Company and whether there had been any changes, from an underwriting standpoint, or losses since the last coverage which ended on May 13, 1961. He was advised by Mr. Ward that there had been no changes or losses.

Mr. Lee did not ask where Mr. Bolick lived and did not ask the name of the agent who wrote the policy which expired on May 13, 1961. He was informed that the reason Mr. Bolick did not renew the policy which expired on May 13, 1961, was that he had had a personality clash

or disagreement with such agent. Mr. Lee issued by telephone the oral binder of coverage on May 13, 1961, and mailed an application blank to Mr. Ward to be filled in with information for the motor and serial numbers of the two tractor-trailer units being covered. The application was to be signed by Mr. Bolick.

On June 7, 1961, Mr. Bolick, while driving one of the tractor-trailer units insured under the oral binder, collided with a train near Haiti, Missouri, and was killed. A railroad employee named Ham was injured very severely being unconscious at the time of the trial. On June 8, 1961, after he heard of the accident Mr. Lee called the home office of Virginia Surety Company and reported both the oral binder and the accident.

The written application was never signed by Mr. Bolick and the plaintiff company never actually issued the insurance policy pursuant to the binder. However, the plaintiff accepted liability coverage, investigated the accident and settled some of the claims including that of Mr. Ham. At the time of the trial they had paid out approximately $26,000 in expenses and settlement of claims.

Mr. Lee explained that he assumed that Mr. Bolick was a resident of Tennessee since Mr. Ward was calling for him from his office in Memphis, Tennessee. The plaintiff company continued to accept renewal contracts from Mr. Lee after June 8, 1961, up until February, 1962, but accepted no new business in the interim. It terminated all business relationships with Mr. Lee in February, 1962.

Plaintiff contends that the defendant, Walter Lee, violated his contract by executing a contract of insurance in Arkansas in violation of the express terms of the agency agreement. The contract provides as follows: ''The Com-

pany hereby grants to the agent on a non-exclusive basis the following authority with respect to business in such territory as acceptable to and approved by the Company * * *'' It does not expressly exclude Arkansas. Defendant had never been told not to write in Arkansas.

The defendant charged Mr. Bolick the maximum rate of insurance which would have been allowable in any state. We concur in the findings of the Trial Judge that the plaintiff company was not prejudiced by the fact that Mr. Bolick lived in Arkansas as distinguished from Tennessee and that the plaintiff company would not have rejected the insurance coverage because Mr. Bolick lived in Arkansas; and that the defendant, Walter Lee, did not write the insurance in violation of the territorial provision of his agency contract. That portion of assignment of error No. I is therefore overruled.

The agency contract contained a daily report provision as follows:

''A thorough and complete report of each binder, policy or document issued shall be mailed to the Company on the date of execution or before the date upon which the insurance is effected.''

Admittedly, Mr. Lee did not comply with this provision of the contract. However, the proof shows that on prior occasions Mr. Lee had failed to comply with this provision of the contract with the company's knowledge. As he said, ''It had not been a practice and I had never been reprimanded.'' We concur in the finding of the Trial Judge that the company had waived this provision of the agency contract. That portion of assignment of error No. I is respectfully overruled. Richardson v. Snipes, 46 Tenn.App. 494, 330 S.W.(2d) 381.

 Though we disagree with the holding of His Honor the Trial Judge with reference to negligence of the defendant, Walter Lee, as hereinafter set out we concur in the finding of the Trial Judge that the defendant, Walter Lee, did substantially comply with the terms and provisions of his agency contract; that he made a bonafide effort to qualify the risk accepted by him in issuing the oral binder and that he did not breach his agency contract. Therefore, assignment of error No. I is overruled in its entirety.

 Assignment of error No. II insists that the agent, Walter Lee, was negligent in failing to inquire as to the residence of the insured; was negligent in failing to inquire as to the name of the Arkansas agent who had failed to renew the former policy with plaintiff company and negligent in failing to determine that Bolick was not a good insurance risk. In our opinion Mr. Lee was negligent in failing to ask the name and address of the applicant for insurance and was also negligent in failing to ask the name and address of the agent who had issued the policy of insurance with the plaintiff company which had expired on May 13, 1961. In these respects assignment of error No. II is sustained.

However, we concur with the finding of the Trial Judge that if Mr. Lee had learned that Mr. Bolick lived in Keiser, Arkansas, and that the former policy had been written by Surplus Excess Underwriters, Inc. of Conway, Arkansas, and had inquired further about Bolick's record for underwriting purposes it would have developed that his losses amounted to only $500.00 during a period for which he had paid over $6,000.00 in premiums. We concur in his finding that the company probably would not

have cancelled Bolick's insurance if the policy had been issued prior to his collision with the train.

From our reading of the record we are convinced that the defendant, Mr. Lee, acted entirely in good faith in granting the binder of insurance to Mr. Bolick. He satisfied himself by inquiry of Mr. Ward, in whom he apparently had implicit confidence, that Mr. Bolick had had coverage with Virginia Surety Company which had expired only eighteen days prior thereto. Such coverage apparently had been entirely satisfactory with the plaintiff, Virginia Surety Company. He satisfied himself that nothing unfavorable to Mr. Bolick's status as a good risk had occurred from May 13, 1961, until May 31, 1961.

While Mr. Ward could not give him the serial numbers of the equipment to be insured he did give him a general description of the two tractor-trailer units. Mr. Lee, on the same day, mailed him the application blank to be filled in by Mr. Ward and signed by Mr. Bolick. As we said above he was negligent in failing to ascertain the residence of Mr. Bolick and he was negligent in not asking the name of the former agent with whom Mr. Bolick had had the personality clash or misunderstanding.

In our opinion the negligence of Mr. Lee was not a proximate cause of the plaintiff's expenditures. Plaintiff attempted to show that it would have cancelled the binder of insurance issued by Mr. Lee if it had known about it before Mr. Bolick's accident and untimely death. Plaintiff attempted to show that Mr. Bolick was a bad risk and insists that Mr. Lee would have recognized him to be such if he had learned that Mr. Bolick lived in Arkansas and that Mr. Novak of Surplus Excess Underwriters, Inc. of Conway, Arkansas, had deliberately let the policy

expire without renewal. The former agent, Mr. Novak, was not introduced by plaintiff nor was his absence as a witness explained.

The plaintiff has failed to carry the burden of proof on these issues and the evidence preponderates in favor of the defendant's contention that Mr. Bolick was in fact a good risk. Plaintiff's injuries, namely the expenditure of $26,000 in settlement of Bolick's accident, are the natural result of plaintiff's business, namely writing long-haul public liability insurance for cross-country truckers. They are not the result of the defendant's failure to report the binder as provided by the contract or his failure to inquire as to the residence of Mr. Bolick or of his failure to learn the name of and make inquiry from the Arkansas agent who wrote the prior policy which expired on May 13, 1961. From 3 Am.Jur. 2d, Agency, Section 209, we quote as follows:

> "If an agent violates the proper instructions of his principal, his responsibility to the principal is for all loss or damage which naturally results from the agent's acts, and that is also the limit of his liability. An agent can escape liability if he shows that no loss or damage resulted to the principal from his disobedience to the latter's instructions or his neglect to follow them. And even where the principal has suffered a loss, the agent may exonerate himself if he establishes that his disregard of the principal's instructions had no connection with the loss and that it would certainly have occurred if the instructions had been obeyed."

We think our decision in the present case is consistent with the decision of this court in the case of Maryland Casualty Co. v. F. B. Hunter & Co., 1928, 8 Tenn.App. 516.

The opinions hereinabove expressed are determinative of all the insistences made by plaintiff in the seven assignments of error and they are all therefore, respectfully overruled. The judgment of the lower court will be affirmed and plaintiff's appeal dismissed. The costs will be taxed against the plaintiff and the surety on its cost bond.

Bejach, J., and Spragins, Special Judge, concur.