Delores C. Spence

*v.*

Thomas Spence

(No. 15009)

Decided July 17, 1981.

*LaVerne Sweeney* for appellant.

No appearance for appellee.

PER CURIAM:

The appellant, Delores Spence, challenges a Circuit Court of Taylor County final judgment which, *inter alia*, awarded her former husband, Thomas Spence, the appellee, custody of three infant children born of the parties' marriage.

On December 28, 1976, the appellant filed a suit for divorce in the Circuit Court of Taylor County. She sought custody of the three infant children born of her marriage to the appellee. In addition, she sought possession of the parties' marital residence. After a hearing *pendente lite*, the circuit court awarded the appellee custody of the children and possession and use of the residence, and awarded the appellant temporary alimony of $75.00 per month.

The matter was referred to a divorce commissioner who, after taking evidence, recommended to the circuit court that the appellant be granted a divorce on the ground that continued cohabitation was unsafe and unendurable. The commissioner further recommended that the appellee be awarded custody of the children and exclusive possession of the residence. The commissioner's report was filed on May 12, 1977, but it contained no review of the evidence or findings of fact other than jurisdictional findings. After a June 9, 1977 hearing on the exceptions of both parties to the commissioner's recommendations, the circuit court, by order entered January 14, 1980, substantially adopted the commissioner's recommendations, granted a divorce to the appellant and awarded custody of the children and possession of the marital residence to the appellee.

At the time the trial court rendered its final decision a transcript of the evidence adduced at the commissioner's hearing had not been prepared. The commissioner's report, while making findings of fact on certain jurisdictional matters such as the residence of the parties, failed to contain any findings of fact in support of the commissioner's conclusory statement that the appellee was a fit and proper person to have custody of the children. In its final ruling, the trial court made no findings of fact but merely

made the conclusory statement that the court was of the opinion that custody should be granted to the defendant, Thomas Spence.

The procedure followed below was defective in several respects. While the divorce commissioner did hear the evidence he failed to make any findings of fact which the trial court could have adopted. The trial court might have utilized the evidentiary transcript to supply this deficiency but it was not prepared at the time the trial court made its ruling. Consequently there is nothing to support its rulings on custody and other matters:

> "Rule 52(a) mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance." Syl. pt. 1, *Peoples Bank, etc. v. Pied Piper Retreat, Inc.*, 158 W. Va. 170, 209 S.E.2d 573 (1974), *quoting*, Syl. pt. 1, *Commonwealth Tire Company v. Tri-State Tire Company*, 156 W. Va. 351, 193 S.E.2d 544 (1974).

*See*, e.g., *South Side Lumber Co. v. Stone Construction*, 151 W.Va. 439, 152 S.E.2d 721 (1967); *National Grange Mutual Insurance Co. v. Wyoming County Insurance Agency, Inc.*, 156 W. Va. 521, 195 S.E.2d 151 (1973).

Rule 52(a) states that in cases which have been referred to a commissioner "The findings of a commissioner, to the extent that the court adopts them, shall be considered as the findings of the court." We also recognize that *W.Va. Code*, 48-2-25, relating to reference of divorce proceedings to a commissioner, requires the commissioner to take and return testimony with a report of all pertinent facts. Here, the divorce commissioner failed to make proper findings of fact and consequently his report was deficient and provided no basis for an adoption by the trial court of the report's recommendations.

The trial court awarded the appellant $75.00 a month alimony *pendente lite*. The divorce commissioner recommended a reduction to $50.00 a month. In its final "letter of opinion" the trial court declined to adopt this recommendation and indicated that the award of alimony would be $75.00 a month for two years. Three months later when a final order was entered to embody the holding set forth in the letter of opinion, the trial court terminated all alimony. The failure to award some alimony to the appellant wife who was awarded a fault divorce based on mental cruelty is error. In Syllabus Point 2 of *Norman v. Norman,* 88 W.Va. 640, 107 S.E. 407 (1921) we held, in part:

> "Upon the granting of a divorce ... to the wife because of cruel and inhuman treatment, she is entitled to permanent alimony sufficient to support her, and any of the children of the marriage that may be given to her custody, in the station in life to which she is accustomed, taking into consideration the capacity of the husband to earn money and the income which he may have from accumulated property."

For the foregoing reasons the final judgment of the Circuit Court of Taylor County is reversed and the case is remanded with directions that the trial court proceed in accordance with this opinion.

*Reversed and remanded
with directions.*