**FIREMAN'S FUND INSURANCE COMPANY, Plaintiffs,**

v.

**A. S. JAMIESON, F. R. Fisher, III and Jamieson & Fisher, Inc., Defendants.**

No. C–79–2464.

United States District Court,
W. D. Tennessee, W. D.

Jan. 14, 1982.

J. Harold Ellis, Memphis, Tenn., for plaintiffs.

W. Frank Crawford and James E. Conley, Jr., of Thomason, Crawford & Hendrix, Memphis, Tenn., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

HORTON, District Judge.

This is an indemnity lawsuit by Fireman's Fund Insurance Company (Fireman's Fund) against A. S. Jamieson and F. R. Fisher, III, individually, and Jamieson & Fisher, Inc., (Jamieson & Fisher) agents and agency of plaintiff, seeking a judgment for $165,000. The lawsuit is based upon theories of breach of contract, breach of the duties and obligations of the agency relationship and negligence.

The following facts are essentially undisputed:

1) Plaintiff issued its policy of insurance, # MXP2756668 covering 63 building locations, insuring the Tipton County Board of Education against loss by fire for the period of October 31, 1975, to October 31, 1978.

2) One of the 63 locations covered by the policy, identified as item # 19, Frazier High School, became unoccupied on or about January 10, 1977, and remained unoccupied until May 11, 1977, when it was substantially damaged by fire.

3) The policy contained a vacancy or unoccupancy clause. That clause reads:

a) Conditions suspending or restricting insurance unless otherwise provided in writing added hereto this company shall not be liable for loss occurring.

b) While a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days.

4) Before a fire occurred which destroyed item # 19, Frazier High School, the defendant, Jamieson & Fisher, with knowledge of the apparent unoccupancy, informed the Tipton County Board of Education, pursuant to its inquiry about the insurance status of item # 19, that insurance coverage on item # 19 in its policy would be unaffected by the unoccupancy clause of the policy. As a result of that action by Jamieson & Fisher, taken without the knowledge of Fireman's Fund, Fireman's Fund was required to pay a compromise settlement of $165,000 to the Tipton County Board of Education.

5) Jamieson & Fisher had binding authority under its agency contract with Fireman's Fund.

Nelson Hyatt Williams, Tipton County Board of Education, testified that the premises of Frazier High School became vacant early in 1977. He was instructed by the Tipton County Board of Education at that time to determine if the building would be covered by insurance until its final disposition could be decided. He said that he asked A. S. Jamieson if the insurance coverage still existed on item # 19. Jamieson, he said, told him that the building was still covered by the insurance policy. At that time, he testified, the building was unoccupied and remained unoccupied until it burned. He said that he relied upon Jamieson's answer that insurance coverage still existed although the property was vacant.

James H. Alexander, a Senior Underwriter and official of Fireman's Fund, testified that his company's underwriting philosophy on insuring vacant and unoccupied buildings is that "we prefer not to do it." His company, he said, received no request from Jamieson & Fisher for a vacancy endorsement on item # 19 in the insurance policy. He described the procedure Fireman's Fund would have followed had it received such a request:

If a request had been made before making a decision, we would ask why the property was vacant, how long it had been vacant and what controls existed, such as police patrols, alarms, etc.

To proceed otherwise, he said, would be against company policy. Mr. Alexander admitted that his company did not, at that time, have any written guidelines relating to vacancy endorsements. He said a vacancy endorsement is treated by Fireman's Fund as an accommodation. He admitted that Jamieson & Fisher had binding contractual authority. Because of the experience of the insurance industry and Fireman's Fund, vacant property is normally excluded from coverage after 30 to 60 days.

A. S. Jamieson, President, Jamieson & Fisher, Inc., testified that he has been in the insurance business since 1941. Jamieson & Fisher Insurance, Inc., was formed in 1974. The company handles property, casualty and life insurance. Jamieson said the building was a three part or three faceted building with all three parts of the building located under one roof. When asked why he told the Tipton County Board of Education they were covered, Jamieson replied:

This was a campus. There was an active school program on the campus and it was therefore not vacant or unoccupied within the meaning of the policy. I did not consider it necessary at that time to request or obtain a vacancy endorsement. If so, it would have been issued. It was pretty routine to get a vacancy permit.

As long as there is some occupancy in the building, you cannot say it is vacant. If you moved all of your furniture out of one room at your home, it would not be unoccupied. This situation was looked at as a campus and not as buildings.

F. R. Fisher, III, Vice President, Secretary-Treasurer, Jamieson & Fisher, Inc., testified that he was not aware of the Board's inquiry at the time it was made of Jamieson. He did not request a vacancy endorsement on item # 19. He understood, he said, that if a building is insured under a standard fire policy and is vacant

and unoccupied beyond 60 days, the policy would be invalid. Fisher said that Fireman's Fund had routinely issued vacancy endorsements. He said he made requests for vacancy endorsements on:

1) A shopping center on Jefferson Davis Highway, Covington, Tennessee, and that endorsement was issued without any underwriting inquiry from the company.

2) Four different family dwellings and one commercial property. Those vacancy endorsements were issued by Fireman's Fund without any underwriting inquiries.

3) A cotton gin in Covington without any underwriting inquiry. He said he has received that vacancy and unoccupied endorsement every 90 days since 1979.

He testified that his agency has never been refused a request for a vacancy endorsement.

■ While the Court finds that Jamieson & Fisher was negligent in failing to request a vacancy endorsement on item # 19, Frazier High School, the Court also finds and concludes that Fireman's Fund's injuries, namely the $165,000 settlement paid to the Tipton County Board of Education, was the natural result of plaintiff's insurance business. The loss was not due proximately to the failure of Jamieson & Fisher to request a vacancy endorsement to the insurance policy on item # 19. In addition, the defendant, Jamieson & Fisher, has shown by a preponderance of the evidence, that Fireman's Fund has issued vacancy endorsements at other times upon its request and would have done so in this case had the request been made. It therefore appears to the Court that the controlling law applicable to this case is stated in *Virginia Surety Co. v. Lee*, 55 Tenn.App. 501, 402 S.W.2d 714 (1964), *cert. denied*, (Tenn. Oct. 5, 1964). The Court stated:

If an agent violates the proper instructions of his principal, his responsibility to the principal is for all loss or damage which naturally results from the agent's acts, and that is also the limit of his liability. An agent can escape liability if

he shows that no loss or damage resulted to the principal from his disobedience to the latter's instructions or his neglect to follow them. And even where the principal has suffered a loss, the agent may exonerate himself if he establishes that his disregard of the principal's instructions had no connection with the loss and that it would certainly have occurred if the instructions had been obeyed. *Id.* at 718.

■ Although Fireman's Fund stated its underwriting policy regarding vacant buildings to be one of preferring not to issue vacancy endorsements, the undisputed proof in this record is that 1) Fireman's Fund had no written policy pertaining to vacancy endorsements, and 2) had issued vacancy endorsements to defendants routinely, upon request, without any kind of investigation. In fact, the plaintiff had renewed one vacancy endorsement on a cotton gin every 90 days since 1979. The preponderance of the evidence in this case clearly shows that Fireman's Fund would have issued the vacancy endorsement had one been requested. Therefore, it is reasonable for the Court to conclude that Fireman's Fund would have accepted and assumed the risk in this case. Consequently, Fireman's Fund suffered no additional loss resulting from Jamieson & Fisher's negligent failure to request a vacancy endorsement on item # 19 in its insurance policy with the Tipton County Board of Education. *Lumbermens Mutual Insurance Company v. Bowman*, 313 F.2d 381 (10th Cir. 1963). If the negligence of the agent does not alter the risk the insurance company was willing to take, the agent's negligence is not the cause of the insurer's loss. *United Pacific Insurance Company v. Price*, 593 P.2d 1214 (Or.App.1979). Fireman's Fund has certainly failed to prove in this case, by a preponderance of the evidence, that it was prejudiced by or suffered any damages as a direct and proximate result of the failure of Jamieson & Fisher to request a vacancy endorsement on item # 19. *Hood v. Fireman's Fund Ins. Co.*, 412 F.Supp. 846 (S.D.Miss.1976). It must be proven that the

agent's conduct was the proximate cause of the company's loss. *Hays v. Farm Bureau Mut. Ins. Co.*, 589 P.2d 579 (Kan.1979).

The Court therefore concludes that no breach of contract, breach of agency duty or negligence by Jamieson & Fisher proximately caused any loss suffered by Fireman's Fund.

The Court thinks the foregoing analysis of the facts and applicable law dispose of this case. However, the Court will note, in passing, that Mr. Jamieson seriously believes no vacancy existed on item # 19 within the meaning of the insurance policy. The Court thinks his testimony, given the configuration of the building, could raise a serious question of whether a vacancy actually existed. However, that matter is not one the Court need consider in order to render an appropriate judgment in this case.

It is therefore by the Court

ORDERED that judgment in this case be granted the defendants A. S. Jamieson, F. R. Fisher, III and Jamieson & Fisher, Inc. Plaintiff's complaint is hereby dismissed.