296 S.E.2d 350

**Earnest CHANDLER, et al.**

v.

**Navona N. GORE, et al.**

**No. 14779.**

Supreme Court of Appeals of West Virginia.

June 23, 1982.

Richard M. Allen, Hamlin, for appellants.

Richard E. Tyson, Charles F. Albright, Huntington, for appellees.

PER CURIAM:

The appellants, subdivision property owners, appeal from a final order of the Circuit Court of Lincoln County dissolving an injunction restraining the appellees, owners of adjoining property, from moving mobile homes and grading equipment across subdivision roads to adjacent property. The appellants contend on appeal that the injunction was improperly dissolved.

This suit was instituted by residents of the Second Monday Addition (Addition), a residential subdivision in West Hamlin, Lincoln County, after the appellees began moving heavy equipment and mobile homes across subdivision streets to property which adjoined, but that was not a part of the subdivision. At the time the appellees began using the subdivision streets for this purpose they owned no property therein.

On March 6, 1979, the circuit court granted a temporary injunction against the appellees to restrain this use of subdivision streets. The injunction was made permanent on May 14, 1979.

Subsequently, the appellees purchased three lots in the Addition and moved to have the injunction dissolved. Pursuant to a hearing conducted July 11, 1979, the circuit court dissolved the injunction and granted the appellees the right to use the subdivision's streets and alleys "in the same manner and to the same degree as any other property owner in the Addition". The court, however, failed to include any findings of fact or conclusions of law in this order.

Rule 52(a) of the West Virginia Rules of Civil Procedure requires trial courts to make findings of fact and conclusions of law in certain cases. In pertinent part, the rule provides that, "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon ...." We have previously held that:

> "Rule 52(a) mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance." Syl. pt. 1, *Peoples Bank of Point Pleasant v. Pied Piper Retreat, Inc.*, 158 W.Va. 170, 209 S.E.2d 573 (1974), *quoting,* syl. pt. 1, *Commonwealth Tire Company v. Tri-State Tire Company*, 156 W.Va. 351, 193 S.E.2d 544 (1972).

*See also Spence v. Spence*, 167 W.Va. 704, 280 S.E.2d 307 (1981).

In the instant case the trial court did not comply with the requirements of Rule 52(a). Without findings of fact and conclusions of law, the basis for the trial court's order is unclear, and, therefore, we cannot meaningfully review the appellant's conten-

tion that the injunction was improperly dissolved.

Accordingly, we remand this case to the Circuit Court of Lincoln County for findings of fact and conclusions of law in compliance with the requirements of Rule 52(a) of the West Virginia Rules of Civil Procedure.

For the foregoing reasons, this case is remanded.

Remanded.