IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 1, 2003 Session

# FARMERS MUTUAL OF TENNESSEE v. ATHENS INSURANCE AGENCY, CHARLES W. SPURLING and wife, CAROLYN SPURLING

**Direct Appeal from the Circuit Court for Bradley County**
No. V-00-172     Hon. John B. Hagler, Circuit Judge

**FILED FEBRUARY 24, 2004**

**No. E2003-01258-COA-R3-CV**

---

In a declaratory judgment action by the insurance company, the Trial Court held insured was entitled to recover under the policy and awarded prejudgment interest and imposed bad faith penalty. We affirm in part and reverse in part.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

W. Gerald Tidwell, Jr., Chattanooga, Tennessee, for Appellant.

William B. McKenzie, Decatur, Tennessee, for Appellee.

## OPINION

In this declaratory judgment action filed by Farmers Mutual of Tennessee ("Farmers"), against Athens Insurance Agency ("Agency"), and Charles and Carolyn Spurling, ("Insureds"), the Trial Court ordered Farmers to pay insureds for their loss under the policy and dismissed Farmers' claim against the agency.

Farmers alleged that insureds purchased homeowners insurance from Farmers through the agency and that the application for insurance contained several material misrepresentations of material fact. The insured house was destroyed by fire on June 29, 1999, and Farmers became aware of the misrepresentations during its investigation of the fire loss. Plaintiff also asserted that if the agency was responsible for the misrepresentation, then it should indemnify Farmers.

Following an evidentiary hearing, the Trial Court ruled that the insured, Charles Spurling, did not sign the application for the insurance policy, and that the insureds were not guilty of any fault or material representations relating to the taking of the application for insurance or the issuance of the policy. He declared the insureds were entitled to full policy benefits of $75,000.00 plus pre-judgment interest in the amount of $13,722.00. He ultimately denied recovery by Farmers against the agency, and also awarded a bad faith penalty to the insureds for their attorney's fees. The evidence does not preponderate against the Trial Court's findings of fact. Tenn. R. App. P. 13(d).

On appeal, Farmers has raised these issues:

1. Did the Trial Court err in holding that Farmers was not entitled to indemnification from the agency?

2. Did the Trial Court err in granting pre-judgment interest to the insureds?

3. Did the Trial Court err in assessing a bad faith penalty against Farmers?

Farmers insist the Trial Court erred in denying indemnification against the agency, because the Trial Court found that the insureds were not guilty of any fault or misrepresentation with regard to the application or issuance of the policy, and the Court further found that the signature on the application was not Spurling's. Thus, the argument goes that the agency was guilty of the misrepresentation and should indemnify Farmers in this action.

No contract for indemnification was offered in evidence, however, our Supreme Court has long recognized that indemnification can result from an express contract between the parties, or an obligation to indemnify can "arise by implication from the relationship of the parties". *Houseboating Corp. of America v. Marshall*, 553 S.W.2d 588 (Tenn. 1977).

The Trial Court decided this issue on the basis of comparative fault, however, the issue for consideration is whether there is an implied right of indemnification based upon the principal/agent relationship between Farmers and Athens. As explained in 43 Am. Jur. 2d Insurance, §135, p. 218:

An insurance agent who fails to make a full disclosure of all matters concerning the risks and hazards of a prospective insurable interest, or to report the issuance of a policy as directed in his contract of agency, may incur liability to the insurer for exposing the insurer to liability for claims of loss under policies, where such claims

naturally result from the agent's wrongful conduct. It must be proved, however, that the agent's conduct was the proximate cause of the loss to the insurer, and where the insurer was not prejudiced by the failure to report the policy issuance or to fully assess the risk involved, and would have done nothing differently or incurred no greater loss with or without such knowledge, the agent may escape liability for his wrongful conduct.

*Accord: Virginia Surety Co., Inc. v. Lee*, 402 S.W.2d 714 (Tenn. Ct. App. 1964); *Transamerica Ins. Co. v. Parrott*, 531 S.W.2d 306 (Tenn. Ct. App. 1975).

As a rule, the cases demonstrate an agent may be held liable to an insurance company when his conduct causes the insurance company to suffer a loss that it otherwise would not have suffered. In this case, the only proof from Farmers on this issue was from Rufus Watson, the marketing manager for Farmers. He stated that he felt Farmers would not have issued the policy if they had seen the "before" photos of the house. However, Farmers did issue the policy without having seen any photos, based upon the application, which clearly contained misrepresentations about the property. Watson admitted, however, that he could not say Farmers would not have issued the policy if the roof was not listed as new, or if the application did not say the house had vinyl siding. He further testified that he assumed from the application that the $75,000.00 value was the purchase price plus the cost of renovations, as the coverage sought was $75,000.00. There was no proof introduced at trial that Farmers would not have issued the policy if the application had been correct. Watson admitted that the application represented the house was being completely gutted, yet Farmers still issued the policy with no photos of the house and having done no inspection.

Moreover, at the time of the loss, the information contained on the application was then substantially correct, as all of the renovations had been completed by that time. The insured testified that everything in the house had been renovated and that he had, in fact, put on a new roof, installed new wiring, a breaker box, and new vinyl siding. He gave the opinion that the house was worth at least $75,000.00. The evidence shows that Farmers failed to establish that it's loss was solely attributable to the misconduct of the agent.

The Supreme Court has also recognized the "universal rule that there can be no recovery where there was concurrent negligence of both indemnitor and indemnitee unless the indemnity contract provides for indemnification in such case by 'clear and unequivocal terms'". *Kroger Co. v. Giem*, 387 S.W.2d 620 (Tenn. 1964). While *Kroger* involved an indemnity issue between joint tortfeasors, its teaching is applicable here, and further bolsters the rule that the agent should not be held liable in indemnity to an insurance company, where the insurance company's own negligence contributed to the issuance of the policy and the ensuing loss. We affirm the Trial Court's ruling for the reasons stated.

Farmers argues that the Trial Court erred in granting prejudgment interest to the Spurlings, alleging that the Spurlings received a "windfall" because their property was "grossly over-insured" and they would be more than made whole.

Farmers argues that the house was not worth $75,000.00, and relied upon the testimony of an adjuster who estimated that the house was only approximately 1000-1200 square feet, and houses of that area were only worth $30.00 to $40.00 per square feet. He offered no basis for this belief, and offered no comparable listings in that area. The insured testified that he purchased the house for $22,500.00, and spent approximately $38,000.00 for materials and some labor, having done most of the labor himself or with the help of family members. Additionally, Watson admitted that the house could have been worth $75,000.00 after the renovations were done.

While Farmers initiated the declaratory judgment action, the insureds had to wait nearly four years to be paid for the loss of their home, through no fault of their own. Prejudgment interest is an element of damages to be awarded in accordance with principles of equity. *See Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439 (Tenn. 1992). The Trial Court in awarding pre-judgment interest did not abuse its discretion, and we affirm the pre-judgment interest award.

Finally, Farmers argues that the Trial Court was in error to order it to pay the insureds' attorneys fees as a bad faith penalty, since it brought the declaratory judgment action seeking a determination of the rights and responsibilities of the parties. The insureds sought an award of attorney's fees, pursuant to Tenn. Code Ann. § 56-7-105. We have previously recognized that the statute is penal in nature, and must be strictly construed. *Hurley v. Tennessee Farmers Mut. Ins. Co.*, 922 S.W.2d 887 (Tenn. Ct. App. 1995). In *Hurley*, we said:

> Under the holding of our courts, before there can be a recovery of penalty under T.C.A. § 56-7-105, (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making his demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) the refusal to pay must not have been in good faith. (Emphasis supplied).

This case is factually similar to the case of *Sisk v. Valley Forge Ins. Co.*, 640 S.W.2d 844 (Tenn. Ct. App. 1982). In *Sisk*, the plaintiff sought auto insurance from her agent, who obtained coverage from the Insurance Company. She suffered a loss and coverage was denied. The Trial Court held the insurance company liable, and assessed a bad faith penalty, explaining that the plaintiff had to bring suit to recover and the Court took judicial notice that such action entails cost, attorney's fees, etc. *Id.* at 851.

On appeal we said: "incurring the expense of an Attorney is not a factor to be considered in determining whether the refusal to pay was in 'bad faith'", and further:

> The burden of proving bad faith of an insurance company is on the plaintiff . . .. The bad faith penalty is not recoverable in every refusal of an insurance company to pay a loss. An insurance company is entitled to rely upon available defenses and refuse payment if there is substantial legal grounds that the policy does not afford coverage

for the alleged loss.  If an insurance company unsuccessfully asserts a defense and the defense was made in good faith, the statute does not permit the imposing of the bad faith penalty.

*Id.* at 852.

The Court then held there was a factual basis for raising the issue of non-coverage and the bad faith penalty was not based upon misconduct of the insurance company, but on economic hardship to the insured, which was improper under the statute.  In this case the Trial Judge in awarding attorney's fees, said:

. . . [t]he concurrent negligence of the principal and its agent has resulted in the lawsuit and the additional expense (in the nature of attorney's fees) to the legally faultless insured.  Negligence is a factor, and in this case the controlling factor, in determining whether the insurance company acted in bad faith.

Thus, while the Trial Court stated that negligence was the controlling factor, the actual controlling factor was the Court's concern for the "legally faultless" insureds, having to pay attorney's fees, especially since earlier the Court had observed that the issues raised by Farmers were "legitimate".

The record demonstrates that Farmers did have a legitimate issue concerning the misrepresentations on the application and who made them.  It cannot be said that Farmers acted in bad faith in filing the declaratory judgment action to have the Court decide that issue.  Accordingly, we hold that the Court improperly assessed a bad faith penalty and the award is reversed.

The cost of the appeal is assessed to Farmers Mutual of Tennessee.

_____
HERSCHEL PICKENS FRANKS, J.