# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**STEPHANIE L. BURNETTE,**
**Defendant Below, Petitioner**

**v.) No. 24-ICA-144**       (Cir. Ct. of Kanawha Cnty. Case No. 20-C-AP-103)

**CORNELIUS BURNETTE,**
**Plaintiff Below, Respondent**

**FILED**
**February 28, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stephanie L. Burnette appeals the March 5, 2024, final order of the Circuit Court of Kanawha County that affirmed the order of the Magistrate Court of Kanawha County which evicted her from certain property. Respondent Cornelius Burnette filed a response.[1] Ms. Burnette filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the circuit court's decision, but no substantial question of law. This case is appropriate for resolution in a memorandum decision pursuant to Rule 21 of the Rules of Appellate Procedure. For the reasons set forth below, the circuit court's order is vacated and this case is remanded with instructions.

This matter arises from a property dispute and eviction proceedings between Ms. Burnette and her former father-in-law, Cornelius Burnette, also known as "Neal". Neal Burnette has no middle name. Ms. Burnette's former husband, Cornelius Burnette's son, is named Cornelius Dewayne "Wayne" Burnette. The property in question is located in Chesapeake, West Virginia. Prior to the relevant time period, it was owned by Ora and Tom Washington, who conveyed the property to "Cornelius Burnette and his wife Harriet Burnette" by a conditional land contract on July 28, 1995. The contract was recorded in Kanawha County on May 8, 2007.

Wayne Burnette and Petitioner Ms. Burnette occupied the property and made some portion of the rental/land contract payments to the Washingtons. On May 19, 2011, after the land contract payments were satisfied, the property was conveyed by deed from Ora Washington to "Cornelius Burnette" and the deed was recorded on June 2, 2011. Petitioner alleges that she and her husband never paid rent to Neal Burnette after the land contract

---

[1] Stephanie L. Burnette is represented by Timothy J. Lafon, Esq. Cornelius Burnette is represented by Michael K. Wallace, Esq.

1

was paid off to the Washingtons. She also maintains that she paid about $70,000 in improvements to the property during the decades she resided therein.

Around 2020, petitioner and Wayne Burnette initiated divorce proceedings. Petitioner alleges that the December 8, 2021, divorce order awarded her an interest in the property as the couple's marital home and required that the house be sold and the proceeds split 50/50 once it was established that she and Wayne Burnette were the owners. Petitioner alleges that Neal Burnette did not claim ownership of the property until the divorce proceedings were underway.

In September 2020, Neal Burnette prevailed in magistrate court in his wrongful occupation suit against petitioner and his son. Petitioner appealed the eviction to circuit court and filed a counterclaim, in which she now says she was claiming the elements of adverse possession and, in the event the eviction was granted, claimed unjust enrichment. The circuit court held a bench trial on November 8, 2023, and December 7, 2023. On March 5, 2024, the circuit court entered its final order that declared Neal Burnette the owner of the property and granted him immediate possession, acknowledging that petitioner had already vacated the premises. It is from this order that petitioner now appeals.

Our standard of review after a bench trial is as follows:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). However, "[i]f the trial court makes no findings or applies the wrong legal standard," no deference attaches. *Phillips v. Fox*, 193 W. Va. 657, 662, 458 S.E.2d 327, 332 (1995).

On appeal, petitioner makes two assignments of error. First, she argues that the circuit court erred in failing to recognize the doctrine of adverse possession in her counterclaim. Although she concedes it was not explicitly pled in her counterclaim, she argues the elements were argued at trial, so the court should have made a ruling on the claim in its final order, under Rule 15(b) of the West Virginia Rules of Civil Procedure. Rule 15(b)(2) permits issues not raised by the pleadings, but tried by the parties by express or implied by consent, to be treated as if raised in the pleadings. However, a close review of petitioner's trial testimony reveals that she stated Neal Burnette "decided he no longer wanted the home," so she and Wayne Burnette "decided to go ahead and get the home and we took over the payments." By contrast, adverse possession requires that a person must

2

prove, among other things, that they have held the land adversely or hostilely against the right of the true owner. *Somon v. Murphy Fabrication & Erection Co.*, 160 W. Va. 84, 90, 232 S.E.2d 524, 528 (1977). The permissive theory of ownership announced by petitioner is not tantamount to stating a claim for adverse possession and does not implicate a post-trial amendment of the pleadings pursuant to Rule 15(b)(2) of the West Virginia Rules of Civil Procedure. Accordingly, we find this assignment of error to be without merit.

For her second assignment of error, petitioner argues that the circuit court erred by failing to address her counterclaim related to unjust enrichment in its final order. Petitioner alleges that the circuit court's order is silent as to her unjust enrichment claim, despite her trial testimony that she spent $70,000 on improvements to the property. She argues that under *Realmark v. Ranson*, 208 W. Va. 717, 542 S.E.2d 880 (2000) (per curiam), the circuit court should have concluded that Neal Burnette was unjustly enriched by petitioner's investment in and improvement of the property when he was permitted to evict her.

On this issue, the court made no findings of fact or conclusions of law. Rule 52(a) of the West Virginia Rules of Civil Procedure requires trial courts to make specific findings of fact and conclusions of law after bench trials. Our Supreme Court of Appeals has repeatedly held:

> Rule 52(a) mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance.

Syl., *Chandler v. Gore*, 170 W. Va. 709, 296 S.E.2d 350 (1982) (per curiam), quoting Syl. Pt. 1, *Peoples Bank of Point Pleasant v. Pied Piper Retreat, Inc.*, 158 W. Va. 170, 209 S.E.2d 573 (1974); *see also Spence v. Spence*, 167 W. Va. 704, 280 S.E.2d 307 (1981) (per curiam). Here, the trial court did not comply with these requirements regarding petitioner's unjust enrichment claim. Without findings of fact and conclusions of law, the basis for the trial court's decision on that claim is unclear. Accordingly, we remand this case to the Circuit Court of Kanawha County for an amended order containing findings of fact and conclusions of law on the unjust enrichment claim in compliance with the requirements of Rule 52(a).

Accordingly, the circuit court's March 5, 2024, order is vacated, and this case is remanded as directed.

Vacated and Remanded.

3

**ISSUED:** February 28, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4